UNITED STATES, Appellee

v.

Henry BYERS, Jr., Sergeant First
Class, U.S. Army, Appellant.

No. 68058.
CMR No. 9101023.

U.S. Court of Military Appeals.

Argued May 9, 1994.

Decided Sept. 16, 1994.

Appellant: *Captain Christopher W. Royer* (argued); *Colonel Stephen D. Smith, Lieutenant Colonel James H. Weise, Captain Michael A. Egan, Captain Michael E. Smith* (on brief); *Major James M. Heaton.*

Appellee: *Major Kenneth T. Grant* (argued); *Colonel Dayton M. Cramer, Major James L. Pohl, Major Joseph C. Swetnam, Captain Glenn L. Kirschner* (on brief); *Captain John P. Saunders.*

## Opinion of the Court

GIERKE, Judge:

1. A general court-martial composed of officer and enlisted members convicted appellant of willful disobedience of a superior commissioned officer and wrongful use of cocaine, in violation of Articles 90 and 112a, Uniform Code of Military Justice, 10 USC §§ 890 and 912a, respectively. The approved sentence provides for a bad-conduct discharge, confinement for 30 days, and reduction to the lowest enlisted grade.

2. The Court of Military Review held that the proceedings, findings, and sentence were invalid because the general court-martial convening authority was an "accuser" who "lacked the statutory authority to convene the appellant's general court-martial."[1] That court held that "[t]he attempt to convene the court-martial was without force and effect." 34 MJ 923, 924, 925 (1992).

3. Upon certification by the Judge Advocate General, Art. 67(a)(2), UCMJ, 10 USC § 867(a)(2) (1989), *see* 36 MJ 32 (1992), this Court set aside the decision of the Court of Military Review and remanded the case for further review. 37 MJ 73 (1992). Thereafter, the Court of Military Review affirmed the findings of guilty and the sentence in an unpublished opinion.

4. This Court then granted appellant's petition for review of the following issue:[2]

WHETHER THE EVIDENCE IS LEGALLY AND FACTUALLY INSUFFICIENT TO SUPPORT A FINDING OF GUILTY TO CHARGE I AND ITS SPECIFICATION.

5. The specification of Charge I alleged that appellant willfully disobeyed an order of Lieutenant General (LTG) Graves, his superior commissioned officer, in violation of Article 90, UCMJ, 10 USC § 890. LTG Graves was the commander of III Corps and Fort Hood, Texas. The order revoked appellant's driving privileges on Fort Hood because he had been apprehended for driving on post while his driving privileges were suspended. The order was in writing and signed "For the Commander" by Major Enrique B. Mendez, a member of the staff judge advocate's office, and delivered to appellant by a clerk in the staff judge advocate's office. Six months after appellant's driving privileges were revoked, he was apprehended for two minor traffic violations and thereafter charged with willful disobedience of LTG Graves' order.

6. At his court-martial, appellant moved to "dismiss the case for lack of jurisdiction and/or disqualify LTG Richard G. Graves as the convening authority" on the ground that he was an accuser. The military judge denied the motion and made the following findings:

First, that the order suspending the accused's on-post driving privileges was provided to the accused from personnel of the Civil Law Division, Office of the Staff Judge Advocate at Fort Hood, in accordance with Army Regulation 190-5, and Fort Hood Regulation 190-2. And secondly, that there was no evidence submitted to

---

1. Article 1(9), Uniform Code of Military Justice, 10 USC § 801(9), defines an accuser as "a person who signs and swears to charges, any person who directs that charges nominally be signed and sworn to by another, and any other person who has an interest other than an official interest in the prosecution of the accused."

Article 22(b), UCMJ, 10 USC 822(b), provides that, if a commanding officer authorized to convene general courts-martial "is an accuser, the court shall be convened by superior competent

authority, and may in any case be convened by such authority if considered desirable by him."

2. We also granted review of the following issue:

WHETHER THE MILITARY JUDGE ERRED IN DENYING A DEFENSE MOTION FOR EXPERT ASSISTANCE AND/OR A WITNESS.

We resolve this issue against appellant for the reasons stated in *United States v. Kelly*, 39 MJ 235 (CMA 1994).

indicate that Lieutenant General Graves, either knew of the driving infraction of the accused, which prompted the suspension, nor did he know the accused. Nor was there any evidence offered to indicate that he personally knew that the letter was given, nor was there any evidence offered to indicate that he had personal knowledge that the order was ever violated, if indeed it ever was violated. Considering all of the above, it appears that General Graves has no personal involvement or interest in this matter, but, as stated by the trial counsel, his interest is solely official. Thus, I find that he is not an accuser, and thus, not disqualify [sic] him to act as convening authority in this case. And the motion to dismiss the Specification and Charge for lack of jurisdiction is denied.

7. The military judge's ruling ultimately was upheld by this Court in the order setting aside the original decision of the Court of Military Review.[3] Appellant now argues that because LTG Graves has been determined not to be an accuser by both this Court and the court below, his order upon which the willful-disobedience charge is based was not a personal order, but a routine order, the violation of which should have been charged under Article 92, UCMJ, 10 USC § 892, as a failure to obey a lawful order.

■ 8. Before this Court, appellant challenges both the legal and factual sufficiency of the evidence. While the Court of Military Review is charged with determining both legal and factual sufficiency, this Court reviews only legal sufficiency. *See generally United States v. Turner*, 25 MJ 324 (CMA 1987). *Compare* Art. 66(c), UCMJ, 10 USC § 866(c) ("[T]he Court of Military Review ... may affirm only such findings of guilty ... as it finds correct in law and fact ....") *with* Art. 67(c) (1989) ("The Court of Military Appeals shall take action only with respect to matters of law."). Our standard of review is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a

reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).

9. The elements of the offense of willful disobedience of an order are:

(a) That the accused received a lawful command from a certain commissioned officer;

(b) That this officer was the superior commissioned officer of the accused;

(c) That the accused then knew that this officer was the accused's superior commissioned officer; and

(d) That the accused willfully disobeyed the lawful command.

Para. 14b(2), Part IV, Manual for Courts–Martial, United States, 1984.

■ 10. Article 90 contemplates a personal order "directed specifically to the subordinate"; it is not violated by "[v]iolations of regulations, standing orders or directives, or failure to perform previously established duties...." Para. 14c(2)(b). The form of the order and the method of transmission are immaterial. Para. 14c(2)(c). There must be "an intentional defiance of authority" rather than "heedlessness, remissness, or forgetfulness." Para. 14c(2)(f).

■ 11. We hold that the evidence is legally insufficient to support a conviction for willful disobedience under Article 90. There is no evidence that LTG Graves did anything to lift his routine order "above the common ruck" to make disobeying it properly punishable as willful disobedience under Article 90. *See United States v. Loos*, 4 USCMA 478, 480, 16 CMR 52, 54 (1954). The order was a routine administrative sanction for a traffic offense. The order was issued by a staff officer on behalf of LTG Graves. There is no evidence that LTG Graves personally issued the order or that he knew that the order had been violated until disciplinary action was initiated. The evidence regarding LTG Graves' involvement in the willful-disobedience charge, even when viewed in the light most favorable to the prosecution, fails to establish a direct and personal order from

---

3. The correctness of the military judge's determination that LTG Graves was not an accuser has

not been challenged at this stage of appellate review.

LTG Graves which, when disobeyed, was a "personal affront to his dignity." *See United States v. Keith,* 3 USCMA 579, 583, 13 CMR 135, 139 (1953).

■ 12. We hold that the error is prejudicial as to sentence.

The decision of the United States Army Court of Military Review on remand as to Charge I and its specification (willful disobedience of a superior commissioned officer) is reversed to the extent that it affirms findings of guilty of an offense greater than a violation of Article 92(2), Uniform Code of Military Justice, 10 USC § 892(2), and the sentence. The findings of guilty to the willful-disobedience allegation of the specification are set aside and that allegation is dismissed. The record of trial is returned to the Judge Advocate General of the Army for remand to the Court of Military Review for reassessment of the sentence based on convictions for violations of Articles 92(2) and 112a, UCMJ, 10 USC §§ 892(2) and 112a, respectively.

Chief Judge SULLIVAN and Judges COX, CRAWFORD, and WISS concur.