Dennis Charles **MADSEN**, Plaintiff,

v.

The **UNITED STATES**, Defendant.

No. 99–733 C.

United States Court of Federal Claims.

Nov. 29, 2000.

Dennis Charles Madsen, pro se plaintiff.

R. Alan Miller, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC, for defendant, with whom were Bryant G. Snee, Assistant Director; David M. Cohen, Director; and David W. Ogden, Assistant Attorney General. LTC Jill M. Grant and CPT Toby D. McCoy, U.S. Army Litigation Ctr., Arlington, VA, of counsel.

## OPINION

DAMICH, Judge.

In this action, Plaintiff Dennis Charles Madsen, a former Army Master Sergeant, seeks a declaratory judgment voiding his conviction on three specifications of wrongful possession of marijuana by a general court-martial [1], correction of his military records, reinstatement of his rank, and to be awarded lost pay and allowances. The Plaintiff seeks collateral review of his conviction on five counts: (1) failure to exclude unlawfully seized evidence, (2) a fatal variance between proof and pleading, (3) "plain error" by admission of certain stipulations of fact, (4) that the military court was divested of its jurisdiction, and (5) that the judge had abandoned his role as an impartial party by assisting the prosecution. Before the Court are the Plaintiff's motion for summary judgment, filed April 12, 2000, and the Defendant's motion to dismiss the case for lack of jurisdiction or, in the alternative, for judgment upon the administrative record. For the reasons explained below, the Defendant's motion to dismiss is GRANTED with respect to counts 2 through 5 of the Complaint. The Defendant's motion for judgment on the administrative record is GRANTED with respect to Count 1 of the Complaint, and the Plaintiff's motion for summary judgment is DENIED.

## I. Procedural History of the Plaintiff's Court–Martial

The Plaintiff enlisted in the Army on November 14, 1972. His last re-enlistment began on November 30, 1989, for a term of 3 years. On April 13 and 14, 1993, the Plaintiff was tried in a general court-martial on three specifications of wrongful possession and/or use of a controlled substance. The Plaintiff was represented by his civilian defense counsel and an assigned military counsel at trial.

---

**1.** In general, this Court lacks jurisdiction to issue declaratory judgments. However, 28 U.S.C. § 1491(a)(2) may provide the Court with the basis to issue such a judgment. Since the Plaintiff is not entitled to any relief, that issue need not be decided.

The Plaintiff was found guilty by the court panel of wrongful use of marijuana on or between April 15, 1992, and April 30, 1992, and on or about May 27, 1992, and wrongful possession of .11 grams of marijuana on May 29, 1992. The Plaintiff was sentenced to be reduced in rank to Private.

Prior to the trial on the merits, the Plaintiff made a motion to suppress the marijuana seized from his home. The trial court denied the motion. During the trial, at the close of the Defendant's case, the Plaintiff made a motion for a finding of not guilty on the grounds that witnesses testified to the Plaintiff's use of marijuana on a different date than as charged by the Defendant. The motion was denied by the trial court. At the close of the Plaintiff's case, the judge proposed that the parties enter into a stipulation of fact regarding the circumstances in which an absentee-witness, Miss Morgan Conell, had first raised issues of uncharged misconduct by the Plaintiff. The Plaintiff consented to the stipulation without objection.

After his sentencing, the Plaintiff was advised of his post-trial rights, including his right to submit matters for the convening authority to consider before taking action; the right to apply for relief from the Judge Advocate General; and the right to the advice and assistance of counsel in the exercise of the foregoing rights or the decision to waive them. *Administrative Record ("AR")* at 458. The Plaintiff's defense counsel similarly advised him of the same rights. *AR* at 766–768.

The Plaintiff's then civilian counsel, Mr. Victor Kelly, on August 2, 1993, submitted a post-trial petition upon the Plaintiff pursuant to 10 U.S.C. §§ 838(c) and 860(b). The Plaintiff requested that his sentence be set aside and a finding of not guilty be entered. The Plaintiff alleged that the military judge had erred in failing to grant the motion to suppress the marijuana seized from his residence. Additionally, he asked for transfer of the final action to another convening authority on the grounds that he had granted testimonial immunity to witnesses who testified

at trial. In addition, the brief raised issues of clemency which are not related to this particular action. Upon the recommendation of the acting staff judge advocate on August 6, 1993, to reject the Plaintiff's legal and clemency arguments, the convening authority upheld the convictions and sentence. *AR* at 25–34. On August 27, 1993, the Judge Advocate General found that the conviction and sentence were supported beyond a reasonable doubt, and that the findings were final and conclusive. The Plaintiff was formally notified of this decision on September 2, 1993. *AR* at 6–8.

Subsequently, the Plaintiff filed an application with the Army Board of Correction of Military Records on September 27, 1996, pursuant to 10 U.S.C. § 1552(f). All of the issues, with the exception of whether the jurisdiction of the court-martial was divested, were presented before the Board. However, the application was returned without action by the Board due to the failure of the Plaintiff to provide any documentation.[2] *AR* at 1–5.

## II. The Plaintiff's Exhaustion of Remedies on Direct Appeal

 In order to successfully pursue a collateral attack on a court-martial conviction, the Plaintiff must, as a general rule, exhaust all remedies available to him within the military justice system. *Schlesinger v. Councilman,* 420 U.S. 738, 758, 95 S.Ct. 1300, 43 L.Ed.2d 591 (1975). This requirement applies for any allegation of a violation of the Constitution, statutes, or military regulations. *Williams v. Secretary of the Navy,* 787 F.2d 552 (Fed.Cir.1986). The Plaintiff must give the military courts an opportunity to rule on the asserted claims presently before a civilian court. *Cooper v. Marsh,* 807 F.2d 988, 991 (Fed.Cir.1986).

 In its motion to dismiss, the Defendant argues that the Plaintiff failed to exhaust his remedies because he did not bring forward any of his alleged errors as part of his appeal to the Judge Advocate General

---

**2.** The letter notes that the Board did not possess the authority to address the issues presently be-

fore the Court. *AR* at 1.

pursuant to Article 69(a) of the UCMJ, 10 U.S.C. § 869(a).[3] (Def.'s Mot. to Dismiss at 10.) The Plaintiff seems to argue that Article 69(a) is "automatic," and such a summary review that he could not have had the opportunity to assert his errors before the Judge Advocate General. The Plaintiff argues that nothing appears in the language of Article 69(a) that requires or permits Plaintiff to make an allegation of legal error in such a review. (Pl.'s Mot. in Opposition at 6.) The Court agrees with the Plaintiff in this respect.

The purpose of an Article 69(a) review is to provide a summary review of general court-martial proceedings which do not result in a punitive discharge or confinement for 1 year or more. Once an Article 69(a) review is completed, the findings and sentences in the Plaintiff's case are "final and conclusive." 10 U.S.C. § 876. The review appears to consist of, for the most part, an examination of the record of the Defendant to ascertain whether any errors occurred in the proceeding. An examiner in the Judge Advocate General's Office uses a "Court–Martial Data Sheet, (DD Form 494)," as a checklist for determining whether the evidence contained in the record is legally sufficient. AR at 18–22. No opportunity is provided for appellate defense counsel to submit briefs or responses to this review.[4] Further, the disclosure sheet signed by the Plaintiff on April 14, 1993, entitled, "Post Trial and Appellate Rights" (General Court–Martial), does not state that the Plaintiff was entitled to submit objections to the trial in an Article 69(a) review. AR at 767.

■ In contrast to the § 869(a) review, the Plaintiff was explicitly informed in the post-trial disclosure form that he had the right to submit any matters that he wished before the convening authority. AR at 766. This right can be exercised pursuant to Article 38(c) of the UCMJ in which defendant's counsel is provided with the right to "forward for attachment to the record of proceedings a brief of such matters as he determines should be considered in behalf of the accused on review (including any objection to the contents of the record which he considers appropriate)." 10 U.S.C. § 838(c)(1). The Plaintiff did in fact file such a brief to the convening authority. On August 2, 1993, the Plaintiff's civilian counsel, Mr. Victor Kelley, filed a brief for the record stating that: (i) the convening authority should be disqualified for bias for ordering certain witnesses to testify and granting immunity to those witnesses, (ii) the military judge erred by refusing to suppress the marijuana seized from the Plaintiff's home, and (iii) various clemency arguments. AR at 47–53.

■ Because the submission pursuant to § 838(c)(1) was attached to the record for the Judge Advocate General to consider in the article 69(a) review and the Plaintiff did not have the right to submit objections for the article 69(a), the Court finds that the Plaintiff exhausted his remedies pursuant to objection to the introduction of the seized marijuana. However, the Plaintiff did not exhaust his remedies for his claims of variance between proof and pleadings, "plain error" of the court, defective jurisdiction, and the impartiality of the judge because he failed to raise them in the military court system.[5] As a result, the Plaintiff has waived these issues and the Court is barred from considering

---

**3.** "The record of trial in each general court-martial that is not otherwise reviewed under section 666 of this title ... shall be examined in the office of the Judge Advocate General if there is a finding of guilty and the accused does not waive or withdraw his right to appellate review under section 861 of this title (article 61). If any part of the findings or sentence is found to be unsupported in law, or if reassessment of the sentence is appropriate, the Judge Advocate General may modify or set aside the findings or sentence or both." 10 U.S.C. § 869(a).

**4.** Cf. Dew v. United States, 48 MJ 639, 643 n. 2 (A.Crim.App.1998).

**5.** The Plaintiff alleges in Count 5 of his Complaint that the judge was not impartial because: (1) the military judge denied his motion to suppress the seized marijuana, (2) the military judge denied his motion for a not guilty verdict, and (3) the military judge authored and admitted a stipulation of fact into evidence that was, at the trial, acceptable to the Plaintiff. (Pl.'s Mot. at 32–38.) These arguments, however, are substantively unrelated to any arguments that the Plaintiff made in his post-trial petition to the convening authority. As a result, the Plaintiff failed to exhaust his remedies with respect to Count 5 of the complaint.

them.[6] Accordingly, the Court DENIES the Defendant's motion to dismiss as to Count 1 of the Plaintiff's complaint and GRANTS the Defendant's motion to dismiss as to Counts 2–5 of the complaint.

### III. Standard of Review for a Collateral Attack

■ The judgments of the military system are owed extreme deference. "The military is a 'specialized society separate from civilian society' with 'laws and traditions of its own [developed] from its long history.'" *Schlesinger*, 420 U.S. at 757, 95 S.Ct. 1300 (quoting *Parker v. Levy*, 417 U.S. 733, 743, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974)). "Because of the military's overriding interest in maintaining order within its own house, federal courts have properly avoided intervention and interference with respect to disciplinary actions taken by commanders or by military courts." *Williams* 787 F.2d at 561. Consequently, the scope of collateral review by civilian courts is extraordinarily narrow. It is long-standing precedent that court-martial proceedings can be reviewed only in those cases where the trial had significant constitutional defects that denied the accused of either due process or fundamental fairness, or the court-martial itself was deprived of jurisdiction over the accused. *Artis v. United States*, 205 Ct.Cl. 732, 740, 506 F.2d 1387 (1974); *Longval v. United States*, 41 Fed.Cl. 291, 294–95 (1998).

■ Further, a civilian court does not sit to merely retry facts or simply re-litigate issues that were already fully and fairly decided by the military court and that would properly be brought on direct appeal. *United States v. Augenblick*, 393 U.S. 348, 350, 89 S.Ct. 528, 21 L.Ed.2d 537 (1969); *Burns v. Wilson*, 346 U.S. 137, 142, 73 S.Ct. 1045, 97 L.Ed. 1508 (1953). "This Court may only review those court-martial matters in which

the plaintiff alleges and proves that: (1) significant constitutional defects have deprived the plaintiff of due process; (2) fundamental fairness was lacking in the court-martial proceeding; and (3) the review does not simply amount to a retrying or re-weighing of the evidence." *Matias v. United States*, 19 Cl. Ct. 635, 642 (1990). Thus, the issue raised must be purely an issue of constitutional law, "untangled with an appraisal of a special set of facts." *Shaw v. United States*, 357 F.2d at 954. Once untangled, the pure issue of constitutional law must pertain to a matter of fundamental fairness, such as one "where the barriers and safeguards are so relaxed or forgotten, ... that the proceeding is more a spectacle ... or trial by ordeal ... than a disciplined contest." *Augenblick*, 393 U.S. at 356, 89 S.Ct. 528.

### IV. Motion to Suppress the Plaintiff's Seized Marijuana Was Not Improperly Denied

■ The Plaintiff argues that the military court should have granted his motion to suppress the marijuana seized from his premises. The Plaintiff maintains that the search authorization which resulted in the seizure of marijuana from the Plaintiff's residence was predicated on statements uttered by Miss Morgan Conell to Criminal Investigative Division ("CID") officers and these statements were made with such knowing and reckless disregard for the truth; namely, that he had raped her and smoked marijuana with her. The Plaintiff claims that her statements conflicted with statements uttered by Specialist Lincoln Strom.[7] In her statement, Miss Conell stated that the Plaintiff smoked marijuana with her. *AR* at 681. Specialist Strom's statement did not mention any drug use by the Plaintiff nor did he personally see any sexual encounter between the Plaintiff and Miss Conell. *AR* at 702. On the basis of these two reports, the CID requested and obtained authorization to search the Plaintiff's house for marijuana and any evidence of

---

6. The Federal Circuit and other courts have suggested that a plaintiff has not waived a constitutional or jurisdictional claim that was not raised in the military court system if he can demonstrate good cause or prejudice. *Martinez v. United States*, 914 F.2d 1486, 1488 (Fed.Cir.1990); *Davis v. Marsh*, 876 F.2d 1446, 1450 (9th Cir. 1989); *Wolff v. United States*, 737 F.2d 877 (10th Cir.1984); *Longval*, 41 Fed.Cl. 291, 295. The Plaintiff has failed to demonstrate either good

cause or prejudice that would permit the Court to rule on the claims that he failed to raise before the convening authority.

7. The Circuit Judge's ruling on the motion to suppress noted that Specialist Strom and Miss Conell's statements are not inherently in conflict, but rather are merely views of witnesses from different perspectives. *AR* at 58–59.

a rape in the room of Miss Conell. *AR* at 678–80, 684.

The Plaintiff states that the CID did not have probable cause to obtain a constitutional search and seizure of the marijuana pursuant to the *Franks* Doctrine. (Pl.'s Mot. at 12.) *Franks v. Delaware* [8] held that:

> where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit.

*Franks,* 438 U.S. at 155–56, 98 S.Ct. 2674. Mil. R. Evid. 311(g)(2) codifies this rule. In general, the Plaintiff claims that the military judge erred in finding that the plaintiff failed to make a "substantial showing" that the statements made by Miss Conell were knowingly false or with reckless disregard for the truth. (Pl.'s Mot. at 15–21).[9]

The Defendant, however, argues that these issues were litigated before the court-martial and that the Plaintiff's arguments are inextricably bound with the weighing of facts. The Court agrees with the Defendant. The military judge ruled that, after carefully ana-

lyzing the factual statements at issue, the search request's omissions of certain facts contained within the supposedly inconsistent statements was not the equivalent to a false statement. *AR* 57–59. In order for the Court to overturn the military judge's ruling, it would be necessary to weigh the credibility of witnesses and facts. Such an analysis cannot be properly done. Consequently, the Plaintiff has not raised an issue of constitutional law that may be properly reviewed. Therefore, the Court grants the Defendant's motion for judgment on the administrative record as to Count I of the Complaint.

## V. Conclusion

The Court GRANTS the Defendant's motion to dismiss with respect to Counts 2 through 5 of the Complaint, and GRANTS the Defendant's motion for judgment upon the administrative record with respect to Count 1 of the Complaint. The Court DENIES the Plaintiff's motion for summary judgment. The Clerk is directed to enter judgment in favor of the Defendant. No costs.

**IT IS SO ORDERED.**

---

8. 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978).

9. The Plaintiff makes some procedural arguments against the *Franks* hearing. He seems to suggest that he was not permitted by the trial judge to make a "substantial preliminary showing" as mandated by *Franks,* because the fact

that the hearing took place mooted the issue, and, in any event, because the prosecutors did not file a brief in the case, no preliminary showing was required. (Pl.'s Mot. at 12–15.) The Plaintiff's arguments are incoherent and, in any event, irrelevant.

