**David Earl MOORE, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 03–1499C.**

United States Court of Federal Claims.

June 29, 2004.

Plaintiff proceeds pro se.

Gregory T. Jaeger, Commercial Litigation Branch, United States Department of Justice, for the defendant.

## OPINION AND ORDER

BLOCK, Judge.

### I. INTRODUCTION

This is a case involving collateral review of a court-martial conviction where the plaintiff, Mr. David Earl Moore, proceeding *pro se*, seeks restoration of military pay, allowances, retirement and other benefits. Plaintiff is a former Staff Sergeant in the U.S. Air Force who attacks his court-martial conviction on four counts: (1) plaintiff was denied his Sixth Amendment right to effective counsel; (2) the Air Force Court of Criminal Appeals ("AFCCA") denied the plaintiff due process by failing to consider trial counsel's failure to move to correct testimony; (3) the AFCCA denied the plaintiff due process by failing to require that he be charged under Article 92(2) of the Uniform Code of Military Justice ("UCMJ") rather than under Article 90 of the UCMJ; (4) the AFCCA denied the plaintiff due process by finding no material prejudice where the trial court judge informed the jury that charges unknown to the jury had been withdrawn.

Before the court is the government's motion to dismiss for lack of jurisdiction pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC") or, in the alternative, for judgment upon the administrative record pursuant to RCFC 56.1. For the reasons stated in this opinion, the court denies the government's motion to dismiss for lack of jurisdiction and grants the government's motion for judgment upon the administrative record.

### II. BACKGROUND

On October 5, 1998, plaintiff's commander charged plaintiff with assaulting his wife, drunk driving, and disobedience of an order not to drive. After a formal Article 32 investigation, a new commander added to these charges another charge ("Additional Charge"), alleging assault upon his children. On January 20, 1999, military authorities referred the charges to trial by general court-martial. Within a week, the parties agreed to a trial date of March 31, 1999.

Plaintiff's defense counsel consisted of both military-appointed and civilian counsel. On January 29, 1999, almost two months before the court-martial, plaintiff's military-appointed counsel sent a memorandum to the military judge in which he affirmed the court-martial date.[1] Within the next couple of weeks, plaintiff's civilian counsel also confirmed the court-martial date. *U.S. v. Moore*, No. ACM 33729, 2001 WL 1007714, at *1 (A.F.Ct.Crim.App. Aug.24, 2001). Eight days before the court-martial, plaintiff's civilian counsel requested a three week continuance because of unforeseen complications in his schedule. *Id.* After a hearing on the matter, the military judge denied the plaintiff's request. *Id.* at *2.

Immediately before the court-martial, the military judge conducted a hearing to discuss the listing of the charges for the court-martial panel. *Id.* at *6. Each general charge consisted of one or more specific occurrences ("Specifications") of the offense described by the charge. The Additional Charge initially included multiple specifications of assault upon plaintiff's children, but the convening authority withdrew all but one of these specifications. The remaining specification, Specification 4, alleged assault on plaintiff's daughter. The convening authority ordered the redesignation of Specification 4 as the specification of the Additional Charge. *Id.* At the hearing, the military judge erroneously kept the original numerical designation of Specification 4. *Id.* at *7. At the court-martial, however, the judge still instructed the court-martial panel that the other specifications under the Additional Charge had been withdrawn. App. to Def.'s Mot. at Tab 22, p. 123.

Plaintiff's court-martial convened, as scheduled, on March 31 and concluded on April 3, 1999. The court-martial panel convicted plaintiff of two specifications of battery upon his wife, one specification of assault upon his wife with an unloaded firearm, one specification of battery upon a child under 16 years of age, one specification of drunken driving, and two specifications of disobeying the lawful order of a superior officer not to drive a vehicle on a government installation, all in violation of Articles 128, 111 and 90 of the UCMJ. *See* 10 U.S.C. §§ 928, 911, 890. Plaintiff was sentenced to confinement for five years, a reduction in grade to Airman Basic and a dishonorable discharge.

Plaintiff appealed his conviction to the United States Air Force Court of Criminal Appeals ("AFCCA"), alleging seven different errors at his court-martial: (1) the military judge erred in denying counsel's request for delay; (2) the military judge erred by listing the specification of the Additional Charge as Specification 4; (3) the evidence of drunken driving was legally and factually insufficient; (4) the evidence of child abuse was legally and factually insufficient; (5) trial defense counsel provided ineffective assistance of counsel; (6) the sentence was inappropriately severe; and (7) the driving revocation order was not lawful. Besides his brief, plaintiff also submitted to the AFCCA "a 36–page declaration post-trial, asserting additional arguments why his trial defense counsel were ineffective." *Moore*, 2001 WL 1007714, at *18.[2] Upon review of all of these claims, the AFCCA found no material prejudice to the appellant and upheld the conviction. *Moore*, 2001 WL 1007714, at *1.[3] Plaintiff then petitioned for review of his conviction in the Court of Appeals for the Armed Forces, but his petition was denied.

After exhausting all possible remedies in the military court system, plaintiff asks this court to overturn his conviction so that he will be eligible for military back pay, allowances, retirement and other benefits.

### III. JURISDICTION AND STANDARD OF REVIEW

It is a fundamental principle that the United States "is immune from suit save as it

---

1. The memorandum is attached to plaintiff's complaint at Attachment 1.

2. The submission is included in the Appendix to Defendant's Motion to Dismiss at Tab 10.

3. While plaintiff's appeal was pending in the AFCCA, plaintiff also petitioned the Judge Advo-

cate General of the Air Force ("JAG") for a new trial, and the JAG referred the petition to the AFCCA. The AFCCA denied the petition, concluding that the issues raised by the petition either were resolved in the appeal or provided no basis for a new trial. App. to Def.'s Mot. at Tab 18.

consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). The government, furthermore, must unequivocally express its consent in a clear statement waiving sovereign immunity. *United States v. White Mt. Apache Tribe,* 537 U.S. 465, 472, 123 S.Ct. 1126, 155 L.Ed.2d 40 (2003). The Tucker Act provides this waiver and confers jurisdiction upon this court to hear suits against the government where a claim is based on the Constitution, a statute or regulation, or a contract with the United States. 28 U.S.C. § 1491(a)(2003).[4] In *Matias v. United States,* 19 Cl.Ct. 635 (1990) (*"Matias I"*), *aff'd,* 923 F.2d 821 (Fed.Cir.1990) (*"Matias II"*), the Federal Circuit held the Court of Federal Claims possesses express jurisdiction over suits that collaterally attack a court-martial conviction and seek military back pay and related benefits. *See Bowling v. United States,* 713 F.2d 1558, 1560 (Fed. Cir.1983); *Anderson v. United States,* 54 Fed.Cl. 620, 624 (2002); *Longval v. United States,* 41 Fed.Cl. 291, 294 (1998) (all military pay cases in which the court properly exercised jurisdiction in a collateral attack of a court-martial conviction). In this case, plaintiff seeks restoration of pay, allowances, retirement and other benefits lost to him as a result of his conviction in a military court-martial. Therefore, it is beyond any doubt that this court has jurisdiction under the Tucker Act to hear plaintiff's case.

The leading case dealing with the scope and standard for civil review of military courts-martial in this court is *United States v. Augenblick,* 393 U.S. 348, 89 S.Ct. 528, 21 L.Ed.2d 537 (1969). In *Augenblick,* two servicemen were convicted by courts-martial. One of the servicemen was discharged and the other was sentenced to rank reduction, partial forfeiture of pay, and a 6–month confinement. The two servicemen filed suit in the predecessor to this court, the Court of Claims, seeking relief from their conviction in the form of back pay. The Court of Claims

granted this relief on the merits, and United States Supreme Court granted *certiorari* "because of the importance of the question concerning the jurisdiction of the Court of Claims to review judgments of courts-martial." *Id.* at 349, 89 S.Ct. 528.

The Supreme Court, in reviewing the plaintiffs' claims, noted that military review of court-martial convictions is "final and conclusive," and made "binding upon all ... courts ... of the United States" by Congress through enactment of Article 76 of the Code of Military Justice. *Id.* (quoting 10 U.S.C. § 876). The Court further noted that Congress, bowing to our tradition of liberty and recognizing the importance that the writ of habeas corpus has played in that tradition, intended that the "Great Writ" be an exception to the "finality clause" of Article 76 in collateral review by civil courts of military court-martial convictions. *Augenblick,* 393 U.S. at 349, 89 S.Ct. 528 (citing S.Rep. No. 486, 81st Cong., 1st Sess., 32; H.R.Rep. No. 491, 81st Cong., 1st Sess., 35). As the Supreme Court in *Burns v. Wilson* opined:

> The military courts, like the state courts, have the same responsibilities as do the federal courts to protect a person from a violation of his constitutional rights. In military habeas corpus cases, even more than in state habeas corpus cases, it would be in disregard of the statutory scheme if the federal civil courts failed to take account of the prior proceedings—of the fair determinations of the military tribunals after all military remedies have been exhausted.

346 U.S. 137, 142, 73 S.Ct. 1045, 97 L.Ed. 1508.

Nevertheless, the Court in *Augenblick* observed that a suit for back pay does not fall under the writ of habeas corpus, but rather under the Tucker Act. 393 U.S. at 349, 89 S.Ct. 528 (citing 28 U.S.C. § 1491(a)).

In examining the history of collateral review of court-martial claims in the Court of Claims, the Supreme Court noted that even

---

4. "The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."

before the enactment of the "finality clause" of Article 76 servicemen seeking back pay were able to obtain collateral review of court-martial convictions. *Augenblick*, 393 U.S. at 349, 89 S.Ct. 528. These suits were based on the idea that the Court of Claims' jurisdiction to collaterally review a court-martial arose where the military court overstepped its jurisdictional or constitutional bounds. *Id.* at 351, 89 S.Ct. 528. In light of this history, the Supreme Court concluded that for collateral review for back pay to survive the finality requirement the claims must clearly rise to a constitutional level. *Id.* This rationale led the Supreme Court to reverse the Court of Claims' grant of relief to the two servicemen, because the Supreme Court found their claims did not amount to violations of the Constitution. *Id.* at 356, 89 S.Ct. 528. To reach this level, the Supreme Court held that express constitutional provisions must be shown to have been abridged or that the trial was conducted in such a grossly unfair manner that "barriers and safeguards are so relaxed or forgotten ... that the proceeding is more a spectacle or trial by ordeal than a disciplined contest." *Id.* (citations omitted).

Cases since *Augenblick* solidify the rule that the determinations of military courts are not subject to direct review, but that a narrow exception to the rule allows for "limited collateral attack of the court-martial conviction on constitutional grounds if [the] action is otherwise within this court's jurisdiction." *Matias I*, 19 Cl.Ct. at 638 (citing *Bowling v. United States*, 713 F.2d 1558, 1560 (Fed.Cir. 1983)); *see also Artis v. United States*, 205 Ct.Cl. 732, 506 F.2d 1387, 1391 (1974) ("We can examine court-martial proceedings only in those rare instances where a serviceman who has been convicted in a court-martial trial sues in our court for back pay and collaterally attacked the court-martial proceedings on the ground that he was deprived of his constitutional rights in such proceedings.").

It has also been held that this court's review of military proceedings must be extremely deferential. The court must not review factual determinations of military courts or reweigh evidence, but rather may only review serious constitutional or jurisdictional defects in the proceedings under the *Augenblick* rule. *Bowling v. United States*, 713 F.2d at 1561 ("This court will not reweigh the evidence presented at plaintiff's court-martial in order that it might substitute its judgment for that of the military trial court."); *see Madsen v. United States*, 48 Fed.Cl. 464, 468 (2000) (citations omitted) ("[A] civilian court does not sit to merely retry facts or simply re-litigate issues that were already fully and fairly decided by the military court."); *see also Longval v. United States*, 41 Fed.Cl. 291, 294 (1998); *Artis v. United States*, 205 Ct.Cl. 732, 506 F.2d 1387, 1391 (1974). Plaintiff must show there has been "such a deprivation of fundamental fairness as to impair due process" in the military court proceedings, *Bowling*, 713 F.2d at 1561, such that the proceeding was so unfair as to render it, as described by the *Augenblick* Court and quoted above, "more a spectacle or trial by ordeal than a disciplined contest." 393 U.S. at 356, 89 S.Ct. 528 (citations omitted).

 Additionally, a plaintiff alleging errors in this court of the military court-martial conviction must have raised these errors in the military justice system or must show good cause for his failure to do so. *Martinez v. United States*, 914 F.2d 1486, 1488 (Fed. Cir.1990). And the plaintiff must exhaust all possible review processes in the military justice system prior to seeking review in this court. *Matias I*, 19 Cl.Ct. at 637. A claim not raised in the military courts is waived for the purposes of this collateral review. *Longval v. United States*, 41 Fed.Cl. 291, 295 (1998). Similarly, this court may not review issues that have already received "full and fair consideration" through briefing and argument before a military court. *Matias I*, 19 Cl.Ct. at 646. Therefore, to obtain relief from a court-martial conviction through collateral review in this court, the plaintiff must show not only that he raised the issue in the military court system, but that the military courts "failed to give fair consideration" to the claim. *Id.* at 644.

 In conclusion, where the relief sought is military back pay, this court possesses jurisdiction and may review a plaintiff's court-martial conviction only for a constitutional defect. In this type of case, the

plaintiff bears the burden of alleging and proving: (1) significant constitutional defects which deprived plaintiff of due process; (2) a lack of fundamental fairness in the court-martial proceeding; and (3) the review is not simply a retrying or reweighing of the evidence. *Matias I,* 19 Cl.Ct. at 642 (citing *Bowling,* 713 F.2d at 1560–61).

## IV. DISCUSSION

Although plaintiff raised seven points of error in the AFCCA with regard to his conviction, he has now narrowed them down to the following four claims: (1) he was denied his Sixth Amendment right to effective counsel; (2) the AFCCA failed to consider trial counsel's failure to move to correct testimony and thereby deprived plaintiff of due process; (3) the AFCCA denied the plaintiff due process by failing to require that he be charged under Article 92(2) rather than under Article 90; and (4) the AFCCA denied the plaintiff due process by finding no material prejudice where the trial court judge informed the jury in his jury instruction that additional specifications of the Additional Charge had been withdrawn. Plaintiff argued each of these issues within the military justice system. After exhausting his options in that arena, he now turns to this court seeking relief from his conviction.

### A. *Right to Effective Assistance of Counsel.*

 Plaintiff claims he was denied his right to effective assistance of counsel and raises several arguments regarding his counsel's alleged ineffectiveness. These arguments all relate to Specification 4 of the Additional Charge, which alleged assault on plaintiff's daughter. During the court-martial, the plaintiff's daughter testified about an incident in which plaintiff entered her room, ordered her out of bed, whipped her with his belt, and then lifted her off the ground by grabbing her around the throat with his hand and holding her against the wall. *Moore,* 2001 WL 1007714, at *11. Plaintiff's other children also testified about this incident. *Id.* Despite the fact that the children's testimonies about the timing of the incident were inconsistent and that, according to plaintiff,

his daughter did not make the allegation until after months of counseling, the AFCCA determined the evidence was factually sufficient to support plaintiff's conviction. *Id.* at *12.

Plaintiff argues defense counsel failed to show that his children's allegations originated from their counselors' suggestion. *See* Pl.'s Compl. at 2–12. Raising the issue of the suggestibility of children was, plaintiff insists, "the only viable defense strategy." Pl.'s Compl. at 3. In support of this general proposition, plaintiff argues a continuance was necessary to allow time to find expert witnesses who could testify about the suggestibility of children. Plaintiff claims the court's refusal to grant the continuance actually resulted from his counsel's failure to convince the trial judge of its necessity.

Plaintiff also repeats several claims which he made in the AFCCA, primarily through his additional 36–page submission to that court. He claims trial defense counsel failed to raise the issue of the suggestibility of his children through either 1) qualifying himself as an expert, or 2) obtaining this type of testimony from another expert.[5] Counsel's use of witnesses was also ineffective, according to plaintiff, who urges additional witnesses could have refuted the charge of child abuse. Finally, plaintiff insists counsel's cross-examination of the prosecution's witnesses was deficient in that it failed to show that his children's statements were inconsistent, that counseling of the children was unethical, and that allegations of child abuse came only after months of suggestion.

The AFCCA considered each of plaintiff's claims. First, the court determined that the military judge's denial of a continuance was not an abuse of discretion, and thereby indirectly addressed plaintiff's current claim that his counsel's ineffectiveness was the cause of the denial. The court noted, in its analysis, that the denial "had little possible impact on the verdict." *Moore,* 2001 WL 1007714, at *5. The AFCCA also considered the 36–page submission containing plaintiff's claims that counsel failed to obtain expert testimony, call additional witnesses or adequately cross-ex-

---

5. Plaintiff also claims appellate counsel failed to raise this issue on appeal.

amine some of the prosecution's adult witnesses. With regard to these claims, the AFCCA stated, "[w]e considered these [claims] carefully, and find them to be without merit." *Id.* Although the AFCCA did not go into detail with regard to these claims, the court's statement does not suggest a complete failure to fairly consider them. The AFCCA did specifically consider counsel's alleged failure to effectively cross examine plaintiff's daughter, and determined that the gentle cross-examination was "consistent with the defense theory that the children ... were the victims of undue influence or improper suggestion." *Id.* at *16.

The AFCCA's analysis of plaintiff's claims demonstrates fair consideration of the relevant law and facts. The appellate court considered each of plaintiff's arguments as well as the entire trial record before concluding plaintiff was not denied effective assistance of counsel. *Id.* at *14. Plaintiff continues to argue defense counsel should have conducted the defense differently in certain particulars but fails to demonstrate he was deprived of due process or fundamental fairness in the military appellate court's review of his counsel's effectiveness. In essence, plaintiff asks this court to critique his counsel's performance rather than review the appellate court's proceeding for constitutional defect. In light of the draconian standard of review applicable in this case, therefore, this court must defer to the AFCCA's conclusions because nothing indicates the proceeding was "more a spectacle or trial by ordeal than a disciplined contest." *Augenblick,* 393 U.S. at 356, 89 S.Ct. 528 (citations omitted).

B. *Correction of False or Misleading Testimony.*

■ Plaintiff next argues he was deprived of due process because the AFCCA did not consider his claim that trial defense counsel failed to make a motion to the court to correct testimony during the court-martial despite knowing this testimony was false or misleading. At the court-martial, plaintiff's wife testified about numerous occasions when her husband allegedly assaulted or abused her. Her testimony, however, conflicted with that of their young son as to the circum-

stances surrounding one of these instances of alleged abuse. Plaintiff claims the conflict not only proves his wife's testimony false, but also supports his own contention that he suffered a seizure on the night in question. He argues counsel should have moved to correct the testimony of his wife and should also have invalidated her testimony by revealing relevant medical reports and by having the plaintiff's father testify concerning plaintiff's seizure.

Plaintiff further asserts that his counsel's failure to correct allegedly false or misleading testimony is evidence that the defense and prosecution conspired to convict him. *See* Pl.'s Compl. at 15–16. Plaintiff's conspiracy argument raises a claim of fraud in the military court proceedings. As plaintiff states in his complaint, he raised the issue of fraud on the court in his petition for a new trial.

Plaintiff included the claim that counsel failed to correct allegedly false or misleading testimony in his additional 36–page submission to the AFCCA, supplementing the submission with supporting documents. As explained above, the AFCCA considered and disposed of the claims in the submission by stating, "[w]e considered these [claims] carefully, and find them to be without merit." *Moore,* 2001 WL 1007714, at *18. In effect, plaintiff asks this court to re-litigate the merits of the claim because he feels the AFCCA's treatment of the claim did not go into enough detail. Plaintiff, however, has not demonstrated the AFCCA completely failed to consider his claim or that the appellate court's review of it was constitutionally defective or fundamentally unfair. While the AFCCA's treatment of the issue was admittedly brief, it nevertheless indicates that the court considered the claim.

In denying plaintiff's petition for a new trial, the AFCCA referred specifically to his allegation of fraud on the court and stated:

We examined closely these contentions, and find them to be unsupported. The petitioner's contention that his defense counsel were not effective does not support his allegation that the defense counsel conspired with government attorneys to obtain the appellant's conviction. Similarly,

a simple disagreement about the import of a witness's testimony does not provide a basis to conclude that government counsel's advice on that matter was somehow fraudulent.

App. to Def.'s Mot. at Tab 18.

Therefore, plaintiff's claim that his counsel was ineffective in correcting allegedly false or misleading testimony, as well as plaintiff's claim of fraud on the court have received full and fair consideration in the AFCCA. This court must therefore defer to the AFCCA's conclusions that the arguments are without merit.

C. *Improper Charge as to Driving Revocation.*

█ The Air Force charged plaintiff under Article 90 of the UCMJ for violation of a driving revocation order in willful disobedience of a superior officer. *See* 10 U.S.C. § 890. Plaintiff argues the charge should have been under Article 92(2), which carries a significantly lighter sentence. Plaintiff cites *United States v. Byers*, in which the U.S. Court of Military Appeals found insufficient evidence to sustain a conviction for willful disobedience where a violated driving revocation order was a routine order of which the commanding officer was not even personally aware. 40 M.J. 321 (1994). The AFCCA, plaintiff claims, wrongly disagreed with that case in finding willful disobedience in his violation of the driving revocation order.

Contrary to plaintiff's assertions, the AFCCA considered this argument, and determined that there was sufficient evidence in this case to charge plaintiff under Article 90. *Moore*, 2001 WL 1007714, at *13. The court noted that in plaintiff's case a superior officer was personally involved and that plaintiff's revocation related to the serious crime of drunk driving rather than a "mere routine traffic offense." *Id.* Plaintiff's complaint not only raises an issue already considered and decided by the AFCCA, but also asks this

court to look into the factual circumstances surrounding his driving revocation. This review would amount to impermissible reweighing of evidence, which this court simply cannot do. *See Bowling v. United States*, 713 F.2d at 1561.[6]

D. *Jury Instruction as to the Specification of the Additional Charge.*

█ Finally, plaintiff claims the AFCCA violated his right to due process by finding no material prejudice when the military judge informed the jury that other charges unknown to the jury had been withdrawn. The military judge's instruction informed the members of the court that Specification 4 was the only remaining specification of the Additional Charge. Plaintiff argues this instruction prejudiced him, and he now asks this court to review the AFCCA's finding of no material prejudice.

The AFCCA reviewed the military judge's jury instruction regarding the specification as well as the parties' arguments about resulting prejudice. The court concluded the military judge erred by failing to delete the numerical designation of Specification 4 and refer to it merely as "the specification" of the Additional Charge. However, the court concluded, "we find no material prejudice to the appellant's substantial rights." *Moore*, 2001 WL 1007714, at *8. In short, the court reviewed the law and facts and came to a reasonable conclusion that the military judge's jury instruction amounted to harmless error. In light of the court's reasoning, plaintiff's speculations as to how the numbering of the Additional Charge and related jury instruction may have prejudiced his sentence do not prove a significant constitutional defect or fundamental unfairness in the military court's review of this claim. Therefore, this court defers, as it must, to the AFCCA's conclusion that the jury instruction did not materially prejudice the plaintiff.

6. Plaintiff also claims double jeopardy, since the offense was a part of both administrative and court-martial proceedings. However, this claim fails because plaintiff did not raise it in the military courts at his court-martial or on appeal and has not shown good cause for his failure to raise it previously. Plaintiff, therefore, waived the claim and this court cannot review it. *Martinez*, 914 F.2d at 1488; *Longval*, 41 Fed.Cl. at 295.

## V. CONCLUSION

For the reasons discussed above, the Court GRANTS the defendant's motion for judgment upon the administrative record and DENIES the defendant's motion to dismiss for lack of jurisdiction. The courts directs the Clerk of the Court to enter judgment in favor of the United States. No costs.

**IT IS SO ORDERED.**