NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-5141

DAVID EARL MOORE,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

_____

DECIDED:  February 10, 2005

_____

Before MICHEL[*], <u>Chief Judge</u>, BRYSON, and LINN, <u>Circuit Judges</u>.

PER CURIAM.

David Earl Moore ("Moore") appeals the decision of United States Court of Federal Claims denying Moore's collateral challenge to a court-martial conviction. <u>Moore v. United States</u>, 61 Fed. Cl. 146 (2004).  Moore sought restoration of military pay, allowances, retirement, and other benefits.  <u>Id.</u> at 147.  Because the Court of Federal Claims correctly held that Moore was not denied due process in the military tribunals and that Moore's double jeopardy argument was waived, we <u>affirm</u>.

---

[*]	Paul R. Michel assumed the position of Chief Judge on December 25, 2004.

BACKGROUND

In May 1996, Moore was stopped for driving while intoxicated. As a result, Moore's commanding officer ordered his driving privileges revoked for three years. In May 1998, Moore violated that order. On October 5, 1998, Moore was charged with driving while intoxicated, disobedience of an order not to drive, and assault on his wife (unrelated to the driving offenses). Moore, 61 Fed. Cl. at 147.

Between March 31 and April 3, 1999, a court martial convened and convicted him, inter alia, of "one specification of drunken driving, and two specifications of disobeying a lawful order of a superior officer not to drive a vehicle on a government installation . . . in violation of Articles 128, 111, and 90" of the Uniform Code of Military Justice. Id. at 148. Moore was sentenced to five years confinement, reduction in grade, and dishonorable discharge. Moore appealed to the Air Force Court of Criminal Appeals ("Air Force Court"). Upon the Air Force Court's upholding the conviction, Moore petitioned the United States Court of Appeals for the Armed Forces, which denied his petition. Id.

Having exhausted all remedies in the military courts, Moore asked the Court of Federal Claims to overturn his conviction and reinstate his military pay, allowances, retirement, and other benefits. The Court of Federal Claims addressed several arguments raised by Moore, including that "the [Air Force Court] denied [Moore] due process by failing to require that he be charged under Article 92(2) rather than under Article 90." Id. at 151, 153. The Court of Federal Claims held that the Air Force Court provided Moore "full and fair consideration" and deferred, as required, to the Air Force Court's factual conclusions. Id. at 151-54. Although Moore made a double jeopardy

claim, the Court of Federal Claims held that Moore waived the argument because he did not raise double jeopardy in the military tribunals. Id. at 153 n.6.

Moore timely appealed the Court of Federal Claims' decision. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

DISCUSSION

We review Court of Federal Claims decisions "for errors of law and clearly erroneous findings of fact." Matias v. United States, 923 F.2d 821, 826 (Fed. Cir. 1990). "However, questions of fact resolved by military courts are not subject to collateral attack. . . . The [Court of Federal Claims'] limited function was to determine whether the military tribunal gave fair consideration to . . . [Moore's] claims" such that the military afforded Moore due process. Id.

On appeal here, appearing pro se, Moore makes two arguments. First, Moore argues that the Court of Federal Claims' holding that his due process rights were not violated was in error. He asserts that his due process rights were violated because he was charged with violating the order revoking his driving privileges under Article 90 instead of Article 92(2). He claims that charging him under Article 90 was arbitrary because United States v. Byers, 40 M.J. 321 (1994), held that violating an order revoking driving privileges has to be charged under Article 92(2). Second, Moore argues that if we deny his due process challenge, then his right to be free from double jeopardy is violated. Specifically, Moore contends that our denying his due process challenge means that we sanction the military's rationale for charging Moore under Article 90 and distinguishing Byers: that the order revoking his driving privileges was a serious order punishing Moore for the driving while intoxicated offense (and worthy of

the Article 90 charge for its violation). Moore asserts he is being punished twice for the same driving while intoxicated offense: initially by the driving revocation order, and again by the court martial. Because he cannot be punished twice, Moore contends not that the court-martial conviction for driving while intoxicated is unlawful, but that the initial driving revocation order is unlawful (and thus that his court-martial conviction for violating the order is unlawful).

The government counters that the Court of Federal Claims' holdings on due process were correct and that Moore waived the double jeopardy claim by not raising it to the military tribunals. Alternatively, the government argues that even if Moore did not waive the double jeopardy claim, Moore loses on the merits. Moore responds that the Court of Federal Claims erred by failing to hold that he did not waive his double jeopardy claim and by failing to consider double jeopardy. Moore asserts that because he raised in the military tribunals the argument that the driving revocation order contravened military regulation, he preserved the double jeopardy challenge.

The Court of Federal Claims rejected Moore's argument that the military's charging him under Article 90 violated his due process rights, explaining that:

> the [Air Force Court] considered this argument, and determined that there was sufficient evidence in this case to charge plaintiff under Article 90. The [Air Force Court] noted that in plaintiff's case [as opposed to the plaintiff in Byers] a superior officer was personally involved and that plaintiff's revocation order related to the serious crime of drunk driving rather than a "mere routine traffic offense."

Moore, 61 Fed. Cl. at 153 (internal citations omitted). Because the Air Force Court employed reasoned decisionmaking by factually distinguishing Moore's case from Byers, we reject Moore's argument that the military acted arbitrarily. The military distinguished its own case law on the facts, and our standard of review precludes our

reexamining those facts. We thus hold that there is no legal error in the Court of Federal Claims' conclusion on Moore's due process claim.

As to double jeopardy, because the Court of Federal Claims is correct that Moore waived this argument, we cannot consider whether the merits favor Moore. To collaterally attack a court-martial conviction, an appellant must claim a serious deprivation of constitutional rights. Bowling v. United States, 713 F.2d 1558, 1561 (Fed. Cir. 1983). "Absent a showing of good cause and prejudice, an appellant's failure to raise his constitutional claims in the military court system bars him from raising them in federal court." Martinez v. United States, 914 F.2d 1486, 1488 (Fed. Cir. 1990). Moore neither raised the issue of double jeopardy until his appearance in the Court of Federal Claims nor showed good cause for failing to do so.

The Double Jeopardy Clause protects an accused from, inter alia, suffering multiple punishments for the same offense. See United States v. Dixon, 509 U.S. 688, 695-96 (1993). Though Moore may not have had to speak the words "double jeopardy" to preserve the issue, in a collateral challenge in the Court of Federal Claims and the subsequent appeal to this court, it was incumbent on Moore to point to where in the record of the proceedings in the military tribunals he argued that his constitutional rights were violated because he was being twice punished for the same offense. See Nelson v. Adams USA, Inc., 529 U.S. 460, 469 (2000) ("[Avoiding waiver] does not demand the incantation of particular words; rather, it requires that the lower court be fairly put on notice as to the substance of the issue."). Instead of pointing to where he raised the argument, Moore asserts that the officials presiding over the military tribunals should have taken judicial notice of the double jeopardy issue. Alternatively, Moore argues that

by contending that his superior's driving revocation order violated applicable Air Force regulations, he impliedly raised double jeopardy and preserved his rights.

Both of these arguments are without merit. First, asserting that the driving revocation order was invalid because it was inconsistent with a regulation did not preserve the claim that the driving revocation order was invalid on double jeopardy grounds. Cf. Martinez, 914 F.2d at 1488 ("Asserting the violation of a given law for reason 'x' does not preserve later claims that the same law has been violated for reasons 'y' and 'z.'"). Second, an issue is not preserved for a collateral challenge based on the mere assertion that the military tribunal should have taken judicial notice of the issue. A party must fairly put the military tribunal on notice as to the substance of the issue, see Nelson, 529 U.S. at 469, and show the court in which the collateral challenge is brought that it did so. Because Moore did not point to where in the record he adequately put the military tribunals on notice of his double jeopardy claim, he waived the argument in his collateral challenge.

## CONCLUSION

Because the Court of Federal Claims correctly held that Moore was not denied due process in the military tribunals and that Moore's double jeopardy argument was waived, we affirm.