STUCKY, Judge,
with whom BAKER, Judge,
joins (dissenting in part):
I respectfully dissent from that part of the majority’s decision that holds the evidence was not legally sufficient to affirm Appellant’s conviction for disobeying the lawful command of his superior commissioned officer. Article 90, UCMJ, 10 U.S.C. § 890 (2000).
In September 2004, after Appellant was detained for driving while under the influence of alcohol, and, following a base instruction, Security Forces issued him an order restricting his driving privileges. As noted by the majority, the order was a form letter with the preprinted signature of Lieutenant Colonel (Lt Col) Dennis P. Delaney, the base traffic reviewing officer (BTRO), issued to Appellant without the direct knowledge or specific approval of Lt Col Delaney. The majority correctly holds that, as the officer did not personally direct the order to Appellant, the September 2004 order standing alone cannot be the basis of a conviction for disobeying a superior commissioned officer. United States v. Byers, 40 M.J. 321, 323 (C.M.A.1994).
But the majority goes further and holds that the April 13, 2005, memorandum, in which Lt Col Delaney personally denied reinstatement of Appellant’s driving privileges, does not “change the legal landscape.” I disagree. In the April 13, 2005, memorandum, which was in response to Appellant’s request for reinstatement of limited driving privileges, Lt Col Delaney specifically referenced the September 4, 2004, incident of driving under the influence of alcohol and personally refused to reinstate those driving privileges. By doing so, he ratified the original September 2004 order restricting Appellant’s driving privileges for one year.
Ratification is the “[ejonfirmation and acceptance of a previous act, thereby making the act valid from the moment it was done.” Black’s Law Dictionary 1289 (8th ed.2004). Ratification is a concept that is not foreign to military law or to this Court. See, e.g., United States v. Thompson, 46 M.J. 472, 475 (C.A.A.F.1997) (concluding that “the convening authority’s determination that the two periods of delay were excludable from the Government’s accountability for speedy-trial purposes amounted to a ratification of the investigating officer’s grant of the defense-delay requests, rather than an after-the-fact rationalization”); United States v. Brown, 39 M.J. 114, 118 (C.M.A.1994) (accepting “that any error in the referral of appellant’s case to court-martial by Captain Holly was cured by the actual commander’s ratification” of the referral by approving the sentence); United States v. Scott, 11 C.M.A. 655, 657, 29 C.M.R. 471, 473 (1960) (noting that parents who took no action to notify Army officials that their son had enlisted as a minor without their permission ratified his enlistment).
By endorsing the April 13 memorandum, Appellant acknowledged receipt and understanding that Lt Col Delaney had personally sustained the one-year restriction on Appellant’s driving privileges. Yet less than two weeks later, and still well within the one-year term of the restriction, Appellant chose to drive a motor vehicle and was involved in an accident. Lt Col Delaney’s April 13 memorandum lifted the September 4, 2004, order “ ‘above the common ruck.’ ” Byers, 40 M.J. at 323 (quoting United States v. Loos, 4 C.M.A. 478, 480, 16 C.M.R. 52, 54 (1954)). Therefore, I would affirm Appellant’s conviction for disobeying the order of a superior commissioned officer under Article 90, UCMJ.