**UNITED STATES, Appellee,**

v.

**Robert M. QUARLES, Jr., Seaman Recruit, U.S. Navy, Appellant.**

**No. 30,244.**

U. S. Court of Military Appeals.

Dec. 5, 1975.

*Lieutenant Walter A. Smith, Jr.,* JAGC, USNR, argued the cause for Appellant, Accused.

*First Lieutenant Ronald J. Waicukauski,* USMCR, argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel P. N. Kress,* USMC, and *Lieutenant Thomas L. Earp,* JAGC, USNR.

OPINION OF THE COURT

FERGUSON, Senior Judge:

Appellant has urged before this Court that his conviction by special court-martial for disobeying the lawful order of Personnelman First Class Nordlund, his superior

---

3. *Id.* at paragraph 9a.

petty officer, to go to colors, in violation of Article 92(2) of the Code,[1] must be set aside and that charged offense dismissed because of its alleged failure to charge appellant with his "ultimate offense"—a failure to go to his appointed place of duty, in violation of Article 86(1).[2] We do not agree.

Appellant argues that:

If a man disobeys an order to do that which he already had a duty to do, his disobedience cannot be made a crime separate and more serious than his failure to perform his pre-existing duty. The latter failure is the man's "ultimate offense"; and, particularly where that offense is a failure to perform some routine obligation, he may be charged with that and no more. It is improper to escalate such a man's criminality by ordering him to perform his preexisting duty, and then charge him not with his "ultimate offense," but with disobedience of the order.

Appellant misperceives the applicable law.

It is true that this Court has had occasion to engage in the exercise of discerning the true "ultimate offense" involved in an alleged violation of an order laid under Articles 90 or 91.[3] The rationale is that "an order to obey the law can have no validity beyond the limit of the ultimate offense committed." *United States v. Bratcher*, 18 U.S.C.M.A. 125, 128, 39 C.M.R. 125, 128 (1969). However, our concern in this area is that the giving of an order, and the subsequent disobedience of same, not be permitted thereby to escalate the *punishment to which an accused otherwise would be subject for the ultimate offense in-*

volved. *See United States v. Sidney*, 23 U.S.C.M.A. 185, 48 C.M.R. 801 (1974); *United States v. Jenkins*, 22 U.S.C.M.A. 365, 47 C.M.R. 120 (1973); *United States v. Wartsbaugh*, 21 U.S.C.M.A. 535, 45 C.M.R. 309 (1972). While this apprehension is valid with respect to charges of violating Articles 90 or 91, it is of no import and, indeed, is irrelevant when the offense is charged under Article 92, due to the sentence restriction applicable thereto found in footnote 5 of the Table of Maximum Punishments, paragraph 127c, Manual for Courts-Martial, United States, 1969 (Rev).

Paragraph 127c, MCM, permits a violation of Article 92(2)[4] to be punished in pertinent part by a bad-conduct discharge and confinement at hard labor for 6 months. However, footnote 5 makes the following exception:

This punishment does not apply in the following cases:

(1) If in the absence of the order or regulation which was violated or not obeyed the accused would on the same facts be subject to conviction for another specific offense for which a lesser punishment is prescribed in this table.

(2) If the violation or failure to obey is a breach of restraint imposed as a result of an order.

In these instances, the maximum punishment is that specifically prescribed elsewhere in this table for the offense. The policy behind footnote 5 is to prevent commission of specifically proscribed and relatively minor offenses from being *punished* as more serious violations of Article

---

1. Article 92(2), Uniform Code of Military Justice, 10 U.S.C. § 892(2).

2. Article 86(1), UCMJ, 10 U.S.C. § 886(1). Additionally, the appellant was convicted of wrongfully refusing to answer questions in court and of wrongful communication of a threat, each in violation of Article 134, UCMJ, 10 U.S.C. § 934. The latter finding, however, was disapproved by the supervisory authority in his review of the record. A second allegation of failure to obey a lawful order was dismissed on defense motion by the trial judge and a charge that the appellant was disrespectful in language to a superior petty officer then

in the execution of his office resulted in acquittal.

3. *E. g., United States v. Sidney*, 23 U.S.C.M.A. 185, 48 C.M.R. 801 (1974); *United States v. Wartsbaugh*, 21 U.S.C.M.A. 535, 45 C.M.R. 309 (1972); *United States v. Nixon*, 21 U.S.C.M.A. 480, 45 C.M.R. 254 (1972); *United States v. Bratcher*, 18 U.S.C.M.A. 125, 39 C.M.R. 125 (1969).

4. Article 92(2) proscribes knowingly failing to obey any lawful order other than a general order or regulation, which is the subject of Article 92(1).

92. *United States v. Loos*, 4 U.S.C.M.A. 478, 16 C.M.R. 52 (1954); *United States v. Larney*, 2 U.S.C.M.A. 563, 10 C.M.R. 61 (1953); *United States v. Buckmiller*, 1 U.S. C.M.A. 504, 4 C.M.R. 96 (1952). Thus, footnote 5 acts to safeguard an accused charged with disobeying an order in violation of Article 92 from a *sentence* in excess of the lesser one otherwise imposable for a violation of a specific proscription which in reality constitutes the gravamen of his crime. But this provision clearly contemplates that offenses involving violation of orders may be charged and successfully prosecuted under Article 92 even where the facts would support another offense, lesser punishable, in the absence of the order. The *conviction* for violating Article 92 remains firm and may not be dismissed; only the *sentence* potentially is affected. *See United States v. Loos, supra.*

However, in the case before us, there was no risk of enhancement of the maximum sentence even assuming, arguendo, that footnote 5 erroneously was not applied. In addition to the violation of the order, the appellant remains convicted of the wrongful refusal to answer questions before a court-martial, which offense alone permitted the maximum sentence to be that which was imposable jurisdictionally by the special court-martial which tried the appellant.[5] Thus, appellant's *conviction* for violating Article 92 is not subject to attack on the ground asserted, and the maximum *sentence* to which he was subject was unaffected thereby.

The decision of the U.S. Navy Court of Military Review is affirmed.

Chief Judge FLETCHER and Judge COOK concur.

5. Article 19, UCMJ, 10 U.S.C. § 819; paragraph 127c, MCM.