UNITED STATES, Appellee,

v.

Larry C. LANDWEHR, Private, U.S. Army, Appellant.

No. 45187.

SPCM 17622.

U.S. Court of Military Appeals.

Aug. 6, 1984.

For Appellant: *Colonel William G. Eckhardt, Captain Michael T. Kelly, Captain Joel R. Maillie* (on brief); *Captain Frank J. DiGiammarino.*

For Appellee: *Colonel James Kucera, Lieutenant Colonel John T. Edwards, Captain Thomas E. Booth* (on brief).

*Opinion of the Court*

PER CURIAM:

Tried by special court-martial with enlisted members, the accused was convicted pursuant to his pleas, of three failures to go, two absences without leave, willfully disobeying a lawful command of his superior officer, and possession of marihuana in the hashish form, in violation of Articles 86, 90, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 890, and 934, respectively. The adjudged and approved sentence extends to a bad-conduct discharge, confinement and forfeiture of $367.00 pay per month for 3 months, and reduction to pay grade E–1. The findings

and sentence were affirmed by the Court of Military Review in a short-form opinion.

We specified the following issue for review:

> WHETHER THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF THE APPELLANT BY FAILING TO INSTRUCT THAT THEY SHOULD CONSIDER THE OFFENSE ALLEGED UNDER CHARGE II AND ITS SPECIFICATION (DISOBEDIENCE OF THE LAWFUL COMMAND OF A COMMISSIONED OFFICER) AS BEING NO MORE THAN A FAILURE TO REPORT TO HIS APPOINTED PLACE OF DUTY (SEE FOOTNOTE 5 TO THE TABLE OF MAXIMUM PUNISHMENTS, MCM PAR 127) WHEN DELIBERATING ON SENTENCE.

Finding no error, we now affirm.

A stipulation of fact supporting the accused's guilty pleas stated in pertinent part:

> Prior to the AWOL of 1 October 1981, the accused was spotted walking by Captain John Kiser, the company commander, on Grossauheim Kaserne at approximately 0950 hours, 23 September 1981. In response to Captain Kiser's question as to what he was doing, the accused responded that he was on break. When asked how long his break was, the accused answered "15 minutes". When asked when his break started the accused said "0930 hours". The company commander then informed the accused that he had been on "break" for 20 minutes and that he had a ten minute walk back to work. Captain Kiser then ordered the accused to go back to work at his appointed place of duty, the CWR Warehouse. Captain Kiser later informed the accused's platoon Leader and Platoon Sergeant of his order to the accused. They informed Captain Kiser that the accused did not report back for duty at all after 0950 hours. By failing to return to his appointed place of duty the accused willfully disobeyed the order

of a superior commissioned officer known to him as such.

Footnote 5 of the Table of Maximum Punishments, Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 127c, is placed following the description of the offense of violating or failing to obey any lawful general order or regulation under Article 92, UCMJ, 10 U.S.C. § 892. It provides that the punishment listed for violation of Article 92 "does not apply . . . [i]f in the absence of the order or regulation which was violated or not obeyed the accused would on the same facts be subject to conviction for another specific offense for which a lesser punishment is prescribed in this table." Instead, "the maximum punishment is that specifically prescribed elsewhere in this table for the offense."

■ Congress delegated to the President the power to prescribe the maximum punishment for violations of the Uniform Code, and such delegation includes the power to set limits on those punishments. Article 56, UCMJ, 10 U.S.C. § 856. Footnote 5 specifically applies only to Article 92 violations, and we have no power to extend it to violations of other Articles of the Code. *See United States v. Timmons*, 13 M.J. 431 (C.M.A. 1982), and cases cited therein.

■ However, appellate defense counsel argues that the "ultimate offense" [1] committed by the accused was really only a failure to return to work in violation of Article 86 and the court members should have been informed of the "ultimate offense" doctrine in determining sentence. We recently have considered this argument in a factually similar case. In *United States v. Petterson*, 17 M.J. 69 (C.M.A. 1983), the accused, in unauthorized-absence status, was confronted by his first sergeant and ordered to return to the base. The accused expressly refused to comply with the order. Recognizing that an order given solely for the purpose of increasing the punishment for not performing a preexisting duty should not be made the

---

1. *See United States v. Quarles*, 1 M.J. 231, 232    (C.M.A. 1975).

grounds of an Article 90 violation, but should instead be charged under Article 92, we also "recognized 'that a superior officer may, by supporting a routine duty with the full authority of his office, lift it above the common ruck—and thus remove the failure to perform it from within the ambit of Article 86(1).'" *Id.* at 72, *quoting United States v. Loos,* 4 U.S.C.M.A. 478, 480–81, 16 C.M.R. 52, 54–55 (1954). Thus, in determining the "ultimate offense" involved, the environment in which the order was given must also be duly considered in order to decide whether the order was given only to improperly escalate punishment.

■ Here, when the accused encountered his company commander, he was, by his own admission, absent from his place of duty, albeit for a relatively brief period. We cannot say that it was, in any way, improper for the commander to exert his authority to order the accused to return to his work station when accused's pre-existing obligation to perform his duties had failed to so motivate him. Thus the order was issued in furtherance of a proper military function. As we said in *United States v. Petterson, supra* at 72:

> While we must insure that the use of orders is not improperly designed to increase punishment in a given instance, we also must not erode the command structure upon which the military organization is based. The accused's direct defiance of the orders and refusal to return to his unit strikes at the very essence of military order and discipline and cannot be condoned. Such defiance, under the facts of this case, constitutes "the ultimate offense committed" ...

(Footnote omitted.)

The sentence imposed indicates that the court members set the order violation in proper context. There was no obligation on the military judge to offer further clarifying instructions,[2] particularly absent any request therefor.

The decision of the United States Army Court of Military Review is affirmed.

---

2. This would seem to be best left as a matter of argument by counsel.