UNITED STATES, Appellee,

v.

Andre T. HARGROVE, Specialist,
U.S. Army, Appellant.

No. 99–0346.
Crim.App. No. 9601783.

U.S. Court of Appeals for
the Armed Forces.

Submitted May 19, 1999.

Decided Sept. 3, 1999.

For Appellant: *Colonel John T. Phelps II, Lieutenant Colonel Adele H. Odegard, Major Leslie A. Nepper,* and *Captain Paul J. Perrone, Jr.* (on brief).

For Appellee: *Colonel Joseph E. Ross, Lieutenant Colonel Frederic L. Borch, III, Major Lyle D. Jentzer,* and *Captain Troy A. Smith* (on brief).

PER CURIAM:

On mixed pleas, appellant was convicted by a general court-martial of multiple offenses, including conspiracy to commit larceny, larceny of military property, wrongful disposition of military property, housebreaking, making a false official statement, offering a bribe, willfully disobeying the command of a commissioned officer, and failing to obey other lawful orders, in violation of Articles 81, 121, 108, 130, 107, 134, 90, and 92 of the Uniform Code of Military Justice, 10 USC §§ 881, 921, 908, 930, 907, 934, 890, and 892, respectively. The court-martial sentenced appellant to be confined for 2 years, to forfeit all pay and allowances, to be reduced to the lowest enlisted pay grade, and to be discharged from the Army with a bad-conduct discharge. The convening authority approved the sentence.

The Court of Criminal Appeals affirmed (1) only so much of the findings of guilty of willfully disobeying the command of a commissioned officer as found that "appellant did on 22, 23, and 25 June 1996, respectively, fail to obey an order in violation of Article 92,

UCMJ," and (2) the "remaining findings of guilty." On reassessment of the sentence in light of this action, the court affirmed the sentence.

We granted appellant's petition to consider whether he was properly convicted of failing to obey a lawful order.[1] Having evaluated the evidence adduced at trial, we agree with appellant that, as to the contested specifications, he may have been guilty of no offense greater than failure to go to his appointed place of duty.

The specifications appellant challenges alleged that appellant,

> having received a lawful command from Captain [D.G.], his superior commissioned officer, then known to by ... [appellant] to be his superior commissioned officer, given through and by Sergeant First Class [R.M.], to sign in hourly with the Staff Duty NCO between 1700 and 2200 when not working, or words to that effect, did, at or near Fort Campbell, Kentucky, ... willfully disobey the same.

The evidence shows that appellant was a suspect in the larceny of military property. That offense occurred in late 1995. However, appellant had no conditions on his liberty until some time in June 1996. For reasons not totally clear from the record, appellant's commander, Captain D.G., decided to restrict him to limits at that time. Among the terms of the restriction order was a requirement that appellant sign in with the Staff Duty NCO (noncommissioned officer) at specified times. Appellant's failure to appear at the scheduled times and sign in constituted the gravamen of the offenses at issue.

■ Military law has long held that minor offenses may not be escalated in severity by charging them as violations of orders or the willful disobedience of superiors. *See United States v. Loos*, 4 USCMA 478, 16 CMR 52 (1954).[2] The President has continued this principle in the present Manual for Courts–Martial, United States (1998 ed.). *See* para. 16e(2)(Note), Part IV. Among such offenses is the failure to report at a specified time and place. *See United States v. Peaches*, 25 MJ 364, 366 (CMA 1987).

■ It appears that after informing appellant he was being restricted, Captain D.G. did not set forth the details of the restriction, but left them to his subordinates. This, by itself, raises the question of whether Captain D.G. placed the full weight of his office behind the requirement to sign in periodically. *Compare United States v. Pettersen*, 17 MJ 69 (CMA 1983), *with United States v. Loos, supra*. Moreover, when testifying about appellant's failure to comply with the "order," the acting first sergeant, Sergeant First Class R.M., and the battalion commander, Lieutenant Colonel M.V., both referred to appellant's misconduct as "breaking restriction." While their characterization of the offense is not dispositive of this issue, it does demonstrate the command's perception of appellant's actions.

1. The granted issue asks:

   WHETHER THE MILITARY JUDGE ERRED BY NOT INSTRUCTING THE COURT–MARTIAL PANEL REGARDING FAILURE TO REPORT (ARTICLE 86(1)) AS A LESSER–INCLUDED OFFENSE OF SPECIFICATIONS 4 AND 8 OF ADDITIONAL CHARGE I, ALLEGING VIOLATIONS OF ARTICLE 90, WHERE THE ISSUED ORDER MERELY APPOINTED A TIME AND PLACE TO REPORT, AND APPELLANT'S FAILURE TO FOLLOW THAT ORDER AMOUNTED TO NOTHING MORE THAN A FAILURE TO REPORT.

   While this issue was submitted to us and granted as drafted above, inexplicably, specifications 5–7 were omitted from this issue. The offenses that were alleged in specifications 4 and 8 are identical to those in specifications 5–7. All were alleged originally as Article 90 violations and were reduced by the court-martial or the Court of Criminal Appeals to Article 92 violations. Therefore, we will treat this issue as if it was granted to address specifications 4–8, in the interests of justice and judicial economy. We see no difference between all of these specifications.

2. Practitioners of military justice colloquially referred to such charges as "footnote 5" offenses, from the footnote to the Table of Maximum Punishments in the 1951 and 1969 Manuals for Courts–Martial, United States, that limited the punishment to actual offenses committed by the accused, not the greater punishment prescribed for the more serious offenses against authority set forth in Articles 90, 91, and 92, Uniform Code of Military Justice, 10 USC §§ 890, 891, and 892, respectively. This was also known as the "ultimate offense" test.

On this record, with respect to the challenged specifications, we conclude that appellant may have been guilty only of failing to go to his appointed place of duty. Thus, the military judge should have provided instructions on this lesser-included offense during findings. However, in view of the remaining, more serious, offenses of which appellant was convicted, we are "highly confident" that this error "played no appreciable role in the adjudication of [appellant's] punishment." *See United States v. Fox,* 10 MJ 176, 177 (CMA 1981), quoting *United States v. Thompson,* 22 USCMA 88, 91, 46 CMR 88, 91 (1972).

The decision of the United States Army Court of Criminal Appeals is reversed as to the findings of guilty to specifications 4 through 8 of Additional Charge I. Findings of guilty are affirmed with respect to the lesser-included offense of failing to go to appellant's appointed place of duty in violation of Article 86(1), UCMJ, 10 USC § 886(1). In all other respects, the decision of the United States Army Court of Criminal Appeals is affirmed.