# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
GLANVILLE*, YOB, and KRAUSS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 ERICA A. ANDERSON**
**United States Army, Appellant**

ARMY 20120503

Headquarters, XVIII Airborne Corps and Fort Bragg
Tara A. Osborn, Military Judge (arraignment)
James E. Hardin, Military Judge (trial)
Colonel Paul S. Wilson, Staff Judge Advocate

For Appellant: Major Jacob D. Bashore, JA; Captain Aaron R. Inkenbrandt, JA (on reply brief); Major Jacob D. Bashore, JA; Captain Kristin B. McGrory, JA; Captain Aaron R. Inkenbrandt, JA (on brief).

For Appellee: Lieutenant Colonel James L. Varley, JA; Major Katherine S. Gowel, JA (on brief).

27 September 2013

------------------------------------
SUMMARY DISPOSITION
------------------------------------

KRAUSS, Judge:

A military judge sitting as a special court-martial convicted appellant, pursuant to her pleas, of three specifications of failing to go to her appointed place of duty; two specifications of going from her appointed place of duty; one specification of willfully disobeying a superior commissioned officer; one specification of disobeying a noncommissioned officer; two specifications of disrespecting a noncommissioned officer; two specifications of disrespecting a superior noncommissioned officer; one specification of resisting apprehension; one specification of wrongful use of marijuana; and one specification of breach of the peace in violation of Articles 86, 90, 91, 95, 112a and 116, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 890, 891, 895, 912a, 916 (2006) [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a bad-conduct

---

*Chief Judge GLANVILLE took final action in this case while on active duty.

discharge and confinement for forty-five days. Appellant was credited with thirty-two days of pretrial confinement against her sentence to confinement.

This case is before the court for review under Article 66, UCMJ. Appellant assigns three errors, asserting that her pleas to one specification of disrespect to a noncommissioned officer and to resisting apprehension were improvident, that the ultimate offense doctrine requires dismissal of appellant's conviction for willfully disobeying a superior commissioned officer, and that relief for excessive post-trial delay is warranted. Appellant also raises matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

We agree with appellant, in part, as to her first assignment of error and as to her second assignment of error, and additionally, we find a substantial basis in law and fact to reject her pleas to the remaining specifications of disrespect. We disagree with appellant's remaining assertion and find that, despite setting aside the findings of guilty described above, reassessment and affirmation of the approved sentence is warranted.

In relation to Specification 2 of Charge III, the providence inquiry in this case failed to establish that appellant's written statements on a counseling form, essentially disputing the premise of the counseling session and expressing reasons for rejection of its import, constituted disrespect as contemplated by Article 91, UCMJ. *See Manual for Courts-Martial, United States* (2008 ed.), pt. IV, ¶¶ 13.c(3), 15.c(5). On a more fundamental level, however, we find the military judge's failure to properly define disrespect and elicit admission of facts sufficient to establish disrespect under Article 91, UCMJ, creates a substantial basis in law and fact to reject appellant's pleas to each specification and charge of disrespect in the case. *See generally United States v. Aleman*, 62 M.J. 281, 283 (C.A.A.F. 2006) (quoting *United States v. Harris*, 61 M.J. 391, 398 (C.A.A.F. 2005)).

A judge must properly identify, explain, and define the elements of the offense to which an accused pleads guilty as an essential step toward ensuring a provident plea under Article 45, UCMJ. *See United States v. Redlinski*, 58 M.J. 117, 119 (C.A.A.F. 2003); *United States v. Rice*, 71 M.J. 719, 724-25 (Army Ct. Crim. App. 2012). When an accused soldier liberates the government of its burden to prove her guilt beyond any reasonable doubt by pleading guilty, the military judge must ensure completion of a record that objectively establishes a knowing, intelligent, and voluntary plea within the confines of an accused's plea itself. *See United States v. Pretlow*, 13 M.J. 85, 88-89 (C.M.A. 1982). It matters not that the record demonstrates the likely success of a government prosecution or the apparent opportunity for the appellant to have been provident at the time of the plea. *See United States v. Schell*, 72 M.J. 339, 346 (C.A.A.F. 2013); *Rice*, 71 M.J. at 727.

In the case at hand, the military judge never properly defined disrespect, repeatedly confused disrespect and disobedience when discussing the offenses with the appellant, and never satisfactorily secured from the appellant admissions sufficient to establish her understanding of the offense and recognition of her guilt under the law. The stipulation of fact also fails to provide facts sufficient to remedy this deficiency. Therefore, we reject appellant's pleas of guilty to Specifications 1 and 2 of Charge III and to Additional Charge III and its Specifications. *See United States v. Medina*, 66 M.J. 21, 26 (C.A.A.F. 2008) (citing *United States v. Care*, 18 U.S.C.M.A. 535, 538-39, 40 C.M.R. 247, 250-51 (1969)); *United States v. Inabinette*, 66 M.J. 320, 321 (C.A.A.F. 2008).

We also agree with appellant that pursuant to the ultimate offense doctrine, there is a substantial basis in law and fact to reject appellant's plea to Specification 1 of Charge II. Neither the stipulation of fact nor the providence inquiry developed or established sufficient facts to support a plea of guilty to a violation of Article 90, UCMJ, but rather merely establish the offense of breaking restriction in violation of Article 134, UCMJ. *See United States v. Traxler*, 39 M.J. 476 (C.M.A. 1994); *United States v. Peaches*, 25 M.J. 364 (C.M.A. 1987); *United States v. Bratcher*, 18 U.S.C.M.A. 12, 539 C.M.R. 125 (1969); *United States v. Loos,* 4 U.S.C.M.A. 478, 480-81, 16 C.M.R. 52, 54-55 (1954). In addition, the offense of breaking restriction can no longer be considered a lesser-included offense of disobeying a superior commissioned officer so this court is not free to substitute the former for the latter. *See generally United States v. Jones*, 68 M.J. 465, 472 (C.A.A.F. 2010). The proper remedy is dismissal of the charge under the circumstances. *See id.* at 472-73. *See, e.g.*, *United States v. Hargrove*, 51 M.J. 408, 409-10 (C.A.A.F. 1999); *Peaches*, 25 M.J. 364. We therefore find a substantial basis in law and fact to reject appellant's plea of guilty to Specification 1 of Charge II. *See Inabinette*, 66 M.J. 320.

After considering the entire record, the parties' briefs, and those matters personally raised by appellant pursuant to *Grostefon*, we set aside the findings of guilty as to Specification 1 of Charge II, Specifications 1 and 2 of Charge III, and Additional Charge III and its Specifications and dismiss the same. The remaining findings of guilty are AFFIRMED. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986) and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the sentence is AFFIRMED.

Chief Judge GLANVILLE and Senior Judge YOB concur.

ANDERSON — ARMY 20120503



FOR THE COURT:

ANTHONY O. POTTINGER
Chief Deputy Clerk of Court