OPINION OF THE COURT ON RECONSIDERATION
LIND, Senior Judge:
A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of two specifications of absence without leave, one specification of willfully disobeying a superior commissioned officer, and one specification of wrongful use of cocaine, in violation of Articles 86, 90, and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 890, and 912a [hereinafter UCMJ]. Appellant was sentenced to a bad-conduct discharge and confinement for nine months. The convening authority approved the sentence adjudged and credited appellant with sixty-two days of confinement credit for pretrial confinement.
Appellant’s case is now pending review before this Court pursuant to Article 66, UCMJ.[2] Appellant’s sole assignment of error is that the military judge erred by not apply *573 ing the “ultimate offense” doctrine, and, therefore, improperly convicted him of the Additional Charge and its Specification, willful disobedience of an order. We disagree.
FACTS
Appellant was absent without leave (AWOL) from his Fort Carson unit from on or about 8 November 2010 until on or about 2 March 2012, when he was sent back to Fort Carson following incarceration due to civilian convictions. When appellant went AWOL, he was pending trial by court-martial scheduled to be held on 8 November 2010. In his stipulation of fact, appellant admits that one reason he left was to impede those criminal proceedings. On 14 March 2012, appellant’s company commander, Captain (CPT) PE, ordered appellant to remain on the Fort Carson installation. Captain PE personally conveyed this order to appellant in the form of a written counseling statement. Appellant acknowledged his understanding of the order with his signature. On or about 11 April 2012, appellant disobeyed CPT PE’s order by driving off the Fort Carson installation to visit his girlfriend.[3] At his subsequent court-martial, appellant was charged with willfully disobeying an order for this misconduct (The Additional Charge and its Specification).
DISCUSSION
Appellant pleaded guilty at trial to the Additional Charge and its Specification as a violation of Article 90, UCMJ. Appellant now argues this was in error because the ultimate offense for this misconduct was breaking restriction. Appellant further contends that the government’s decision to charge this offense as willfully disobeying a superior commissioned officer exaggerated his criminality.[4] Article 90, UCMJ, carries a maximum sentence of a dishonorable discharge, confinement for five years, total forfeiture of all pay and allowances, and a reduction to the grade of E-1.[5] Manual for Courts-Martial, United States (2012 ed.) [hereinafter MCM], pt. IV, ¶ 14.e(2); Rule for Courts-Martial [hereinafter R.C.M.] 1003(b)(4). Breaking restriction is an offense under Article 134, UCMJ, and it carries a maximum sentence of confinement of one month, forfeiture of two-thirds pay per month for one month, and reduction to the grade of E-1. MCM, pt. IV, ¶ 102.e; R.C.M. 1003(b)(4).
We do not find issue with either the charging decision or the plea. There is nothing in the record that gives any indication the commander’s intent in giving this oi’der was to escalate the criminal liability of appellant. See United States v. Landwehr, 18 M.J. 355, 356-57 (C.M.A.1984) (“[A]n order given solely for the purpose of increasing the punishment for not performing a preexisting duty should not be made the grounds of an Article 90 violation_”). To the contrary, it appears prudent for CPT PE to have issued such an order given appellant’s prior history of absenting himself while pending disciplinary action. Under the facts of this ease, either Article 90, UCMJ, or Article 134, UCMJ (breaking restriction), were viable offenses properly chargeable by the government, assuming the government had evidence of the terminal element (conduct prejudicial to good order and discipline in the armed forces or of a nature to bring discredit upon the armed forces) for a breaking restriction charge. This Court may not prescribe which one the government should charge when there is a legal and factual basis for both.[6] See United States v. Batchel- *574 der, 442 U.S. 114, 123-24, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979) (“This Court has long recognized that when an act violates more than one criminal statute, the Government may prosecute under either so long as it does not discriminate against any class of defendants.”)-
During the providence inquiry, the military judge correctly advised appellant of the elements of the offense of willfully disobeying an order of a superior commissioned officer, and that “willful disobedience” means an intentional defiance of authority.. Appellant admitted that the elements and definitions described what he did. In particular, he admitted that he was given a lawful command from CPT PE, his superior commissioned officer, that he understood the command, and that he made the decision to violate the command knowingly and voluntarily. Furthermore, when asked by the military judge why he was guilty of the offense, appellant stated: “Because I was residing off post when I was clearly given a command to stay on post and not break restriction.” (emphasis added).
The providence inquiry and the stipulation of fact establish that CPT PE exercised the full authority of his office when issuing the order. Unlike in Hargrove, 51 M.J. 408, where the company commander informed the appellant of his restriction, but left the scope of the restriction to subordinates, here CPT PE personally conveyed the order to appellant in writing and had appellant sign an acknowledgement. Although the military judge did not expressly ask appellant whether CPT PE gave the order with “the full authority of his office” intending to “lift [the duty to remain within certain limits] above the common ruck,” United States v. Loos, 4 USCMA 478, 480-81, 16 C.M.R. 52, 54-55 (1954), the facts admitted by appellant in his providence inquiry and stipulation of fact demonstrate CPT PE gave the order “with the full authority of his office.” Appellant knew this and intentionally defied CPT PE’s authority. Because the elements were met for willful disobedience under Article 90, UCMJ, this charge was not preempted by Article 134, UCMJ (breaking restriction), nor was there a requirement during the providence inquiry to distinguish between these two offenses.[7]
We find the record as a whole does not provide a substantial basis in law and fact to reject appellant’s plea of guilty to willfully disobeying an order of a superior commissioned officer, in violation of Article 90, UCMJ. See United States v. Inabinette, 66 M.J. 320 (C.A.A.F.2008).
CONCLUSION
On consideration of the entire record, we hold the findings of guilty and sentence as approved by the convening authority correct in law and fact. Accordingly, those findings of guilty and the sentence are AFFIRMED.
Chief Judge PEDE, Senior Judge KERN, Senior Judge COOK, Judge CAMPANELLA, Judge ALDYKIEWICZ, Judge MARTIN, and Judge HAIGHT concur.

. An appellate panel initially rendered a decision in this case, however, upon motion of the government, this court granted both the motion for reconsideration and the suggestion for en banc consideration.

. In the stipulation of fact, appellant admits to persistently and willfully disobeying CPT PE’s lawful command not only by leaving post on several occasions but also by residing off-post.

. This was a special court-martial in which the jurisdictional maximum punishment was reached by other offenses to which appellant pleaded guilty. Appellant recognizes the Article 90, UCMJ, charge did not increase his maximum punishment exposure, but argues it exaggerated his criminality thereby enabling trial counsel to argue for a harsher sentence.

. Here, at a special court-martial, for a violation of Article 90, UCMJ, the most severe punitive discharge appellant could have received was a bad-conduct discharge, the maximum sentence to confinement was one year, and adjudged forfeitures could not have exceeded two-thirds pay per month for twelve months. R.C.M. 201 (f)(2)(B)(i).

. We note that had the government decided not to prosecute this conduct under a theory of willful disobedience, there would have been no legal obstacle to charging this under the lesser-includ *574 ed offense of failure to obey an order, Article 92, UCMJ. See United States v. Ranney, 67 M.J. 297 (C.A.A.F.2009). In other words, we do not believe that the Presidentially-defined offense of breaking restriction under Article 134, UCMJ, somehow preempts the statutory offenses of disobedience found in Articles 90, 91, and 92, UCMJ. MCM, pt. IV., ¶ 60.c(5)(a); Landwehr, 18 M.J. 355. The appropriate maximum punishment in those cases of disobedience that also satisfy other offenses is an altogether different question. See United States v. Quarles, 1 M.J. 231 (C.M.A.1975). See also United States v. Hargrove, 51 M.J. 408, 409 n. 2 (C.A.A.F.1999).

. The dissenting opinions insist that we are either abolishing or ignoring any distinction between willful disobedience and breaking restriction. We do neither. The distinction is elemental. Willful disobedience requires an intentional defiance of authority while breaking restriction merely requires going beyond the limits of the restriction before being released therefrom by proper authority. MCM, pt. IV, ¶ 102.b(5). We find the facts of this case, as admitted to by appellant, meet the elements of willful disobedience. That the same facts may also satisfy the elements of breaking restriction is irrelevant to the sufficiency of appellant’s plea.