# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, HAIGHT, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist KEITH J. HIGGINS**
**United States Army, Appellant**

ARMY 20110664

Headquarters, 82d Airborne Division
Tara A. Osborne, Military Judge (arraignment)
Karin G. Tackaberry, Military Judge (trial)
Colonel Lorianne M. Campanella, Staff Judge Advocate

For Appellant:  Lieutenant Colonel Imogene M. Jamison, JA; Captain A. Jason Nef, JA; Captain Ian M. Guy, JA (on brief).

For Appellee:  Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Catherine L. Brantley, JA; Captain T. Campbell Warner, JA (on brief).

30 April 2014

----------------------------------
MEMORANDUM OPINION
----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

HAIGHT, Judge:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of attempted unpremeditated murder and willfully disobeying a superior commissioned officer, in violation of Articles 80 and 90, Uniform Code of Military Justice, 10 U.S.C. §§ 880 and 890 [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, confinement for eleven years, and to be reduced to the grade of E-1.  The convening authority approved the adjudged sentence and credited appellant with 352 days against his sentence to confinement.[1]

---
[1] The convening authority waived automatic forfeitures for a period of four months.

Appellant's case is now pending review before this court pursuant to Article 66, UCMJ. Appellant raises three assignments of error, two of which merit discussion, and one of which merits relief.[2]

## BACKGROUND

In July 2010, appellant's battalion commander, Lieutenant Colonel (LTC) JB, found appellant guilty of two offenses at a nonjudicial proceeding held pursuant to Article 15, UCMJ. Included in the nonjudicial punishment imposed by LTC JB was "extra duty for 45 days."[3] There is no evidence that LTC JB provided any further direction or specificity regarding the time, place, or manner of appellant's extra duty. Instead, the record indicates the specific details of this duty were implemented by noncommissioned officers (NCO) in the unit. Specifically, on the date appellant failed to complete his extra duty, 26 August 2010, he was ordered by his platoon sergeant, Staff Sergeant (SSG) IK, to report to the unit staff duty NCO at 1800 in order to report for extra duty that consisted of "moving . . . a big pile of rocks" with three other soldiers who were also serving extra duty.

Appellant arrived approximately fifteen minutes late for his extra duty at which point he began performing his assigned detail. However, SSG IK interrupted appellant to address his tardiness prompting a verbal altercation between the two men. Ultimately, SSG IK directed appellant to report to the battery commander to resolve the matter. Following a short meeting with the battery commander, SSG IK began escorting appellant back to his place of duty. Appellant was highly agitated, and after further argument with SSG IK, appellant stormed off to his personal vehicle and drove to his on-post home rather than return to his extra duty. Appellant's actions of retrieving his personal firearm and returning to his unit in order to confront SSG IK formed the basis for appellant's conviction of attempted murder.

Appellant was also charged with and found guilty of willfully disobeying LTC JB's command to serve forty-five (45) days of extra duty. Under the circumstances of this case, this misconduct was inappropriately charged as a violation of Article 90, UCMJ.

---

[2] We have also considered those matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and find them to be without merit.

[3] This punishment was entered on the Dept. Army Form 2627 (Record of Proceedings Under Article 15, UCMJ) signed by LTC JB on 22 July 2010.

## DISCUSSION

*Sufficiency of Willful Disobedience*

In his first assignment of error, appellant argues that his conviction of willfully disobeying a superior commissioned officer is factually and legally insufficient, because the order he violated was not personally directed by LTC JB and because his actions did not constitute willful defiance of LTC JB's authority. In its response, the government concedes "that the evidence is legally insufficient to sustain appellant's conviction for willfully disobeying a superior commissioned officer." We agree and accept the government's concession.

The facts presented at trial confirm that appellant, on 26 August 2010, did fail to wholly and satisfactorily comply with LTC JB's order to perform extra duty, but he did not do so with intentional defiance, at least not as it pertains to LTC JB.

In *United States v. Byers*, our superior court held an accused's disobedience of a driving-privilege revocation signed by the commanding general, but issued to the accused by the commander's subordinate staff officer, did not amount to an Article 90, UCMJ, violation where "the order was a routine administrative sanction [and] . . . there [was] no evidence that the [commander] personally issued the order or that he knew that the order had been violated . . . ." 40 M.J. 321, 323-24 (C.A.A.F. 1994). The court concluded "the evidence regarding the commander's involvement in the willful-disobedience charge, even when viewed in the light most favorable to the prosecution, fail[ed] to establish a direct and personal order from [the commander] which, when disobeyed, was a 'personal affront to his dignity.'" *Id.* (quoting *United States v. Keith*, 3 U.S.C.M.A. 579, 583, 13 C.M.R. 135, 139 (1953)*; see also United States v. Wartsbaugh*, 21 U.S.C.M.A. 535, 541, 45 C.M.R. 309, 315 (1972) (disobedience of a captain's command that was "predicated upon prohibitions stated in a battalion directive . . . should have been brought under Article 92(2) [UCMJ]" rather than Article 90); *United States v. Bartsh*, ARMY 20111104, 2013 WL 6913002 at *3 (Army Ct. Crim. App. 31 Dec. 2013) (mem. op.) *pet. denied* __ M.J. __ (C.A.A.F. 22 Apr. 2014) (setting aside Article 90, UCMJ, offense where appellant's violation of company commander's order to remain on the installation was not the "defiant brand of disobedience" contemplated by that article).

Here, evidence established that although appellant arrived late to and left early from his appointed place of duty on the charged date, he did report and perform his assigned extra duty, at least for some period of time. Specifically, he was approximately fifteen minutes late after hurrying home to eat dinner during the brief interlude between his regular duty day in the field and his extra duty back at the unit. Additionally, there was no evidence that appellant had failed or refused to comply with his nonjudicial punishment for the preceding five weeks. We therefore hold the evidence is insufficient to support appellant's conviction for willful

3

disobedience of LTC JB's order to serve forty-five days of extra duty. Nevertheless, the evidence does "support all the elements of the lesser included offense of failure to obey a lawful order" pursuant to Article 92(2), UCMJ. *United States v. Ranney*, 67 M.J. 297, 301 (C.A.A.F. 2009); *see also Byers*, 40 M.J. at 324; *Bartsh*, 2013 WL 6913002 at *3.

*Ultimate Offense*

In his second assignment of error, appellant argues the "ultimate offense" doctrine requires this court to dismiss the Article 90, UCMJ, willful disobedience charge and its specification because use of this article "improperly escalated the severity of a minor offense . . . ." Specifically, he asserts his actions should have been charged pursuant to Article 86, UCMJ, as the gravamen of his misconduct was failure to go to his appointed place of duty and then going from his appointed place of duty. *See Manual for Courts-Martial*, *United States* (2008 ed.) [hereinafter *MCM*], pt. IV, ¶¶ 10.b(1) and (2).

Appellant correctly notes the ultimate offense doctrine prohibits escalating the severity of or punishment for a relatively minor offense[4] by charging it as willful disobedience of a lawful order to comply with "an obligation [an accused] was already under by reason of his status as a soldier . . . ." *United States v. Bratcher*, 18 U.S.C.M.A. 125, 128, 39 C.M.R. 125, 128 (1969); *see also United States v. Quarles*, 1 M.J. 231, 232 (C.M.A. 1975); *United States v. Loos*, 4 U.S.C.M.A. 478, 480-81, 16 C.M.R. 52, 54-55 (1954) (failure to report in compliance with order to complete "routine" duties should have been charged as violation of Article 86(1), UCMJ, in the absence of evidence the issuing officer lifted the order above the "common ruck."). However, under the facts of this case, appellant's argument and any possible prejudice is rendered moot by our conclusion above that his misconduct only amounted to a violation of Article 92(2), UCMJ, "failure to obey a lawful order."[5]

---

[4] The maximum punishment for a violation of Article 86(1) or (2), UCMJ, includes confinement for one month and forfeiture of two-thirds pay per month for 1 month. *MCM*, pt. IV, ¶ 10.e. The maximum punishment for willfully disobeying a superior commissioned officer includes a dishonorable discharge, confinement for five years, and forfeiture of all pay and allowances. *MCM*, pt. IV, ¶ 14.e(2).

[5] We reiterate our recent analysis in *United States v. Phillips*, 73 M.J. 572 (Army Ct. Crim. App. 2014), that if the elements are met for a disobedience charge, there is no requirement the offense be charged under another potentially applicable article.

The *MCM* has long contained a provision, found in a footnote renumbered throughout the years, regarding the maximum punishment for certain Article 92, UCMJ, offenses:

> [T]he punishment set forth does not apply in the following cases: if in the absence of the order or regulation which was violated or not obeyed the accused would on the same facts be subject to conviction for another specific offense for which a lesser punishment is prescribed; or if the violation or failure to obey is a breach of restraint imposed as a result of an order. In these instances, the maximum punishment is that specifically prescribed elsewhere for that particular offense.

*MCM* (2008 ed.), pt. IV, ¶16.e.(2) (note).[6] This sentence restriction serves to alleviate the concern of escalating the punishment for disobedience beyond that permitted for the "ultimate offense" involved. *See Quarles*, 1 M.J. at 232 ("apprehension" of escalated punishments via Article 90, UCMJ, for preexisting duties "is of no import, and indeed, is irrelevant when the offense is charged under Article 92, due to the sentence restriction applicable thereto found in footnote 5 of the Table of Maximum Punishments . . . ."); *see also Loos*, 4 U.S.C.M.A. 478, 481-82, 16 C.M.R. 52, 55-56 (affirming Article 92, UCMJ, conviction despite holding that appellant's offense "amount[ed] to no more than a violation of Article 86(1)" and remanding the case for sentencing in accordance with "Footnote 5" limits).

Here, as in *Loos*, the "gravamen" of appellant's failure to complete the extra duty directed by LTC JB is a failure to go to his appointed place of duty, and then leaving his appointed place of duty, in violation of Article 86(1) and (2), UCMJ, respectively. *Id.* We are able to affirm appellant's conviction of the lesser included offense of Article 92(2), UCMJ, but only so long as he is afforded the "safeguard" of the *MCM's* sentence cap in its maximum punishment table. *See Quarles*, 1 M.J. at 233.[7] Accordingly, we will provide relief in our decretal paragraph, reassess the

---

[6] The note does not appear in the 2012 edition of the *Manual for Courts-Martial*. However, as the President has taken no action to repeal it, we view this as a typographical error in the printing of the *Manual for Courts-Martial* (2012 ed.). *See* Exec. Order No. 12,473, 49 Fed. Reg. 17152 (Apr. 13, 1984); Exec. Order No. 12,550, 51 Fed. Reg. 6497 (Feb. 19, 1986); Exec. Order No. 13,387, 70 Fed. Reg. 60697 (Oct. 14, 2005).

[7] According to *Quarles*, the "Footnote 5" provision "clearly contemplates that offenses involving violation of orders may be charged and successfully prosecuted

(continued . . .)

sentence, and apply the maximum punishment of Article 86, UCMJ, to appellant's conviction for violating Article 92(2), UCMJ.

## CONCLUSION

Upon consideration of the entire record and the submissions by the parties, the court affirms only so much of the finding of guilty of the Specification of Charge II as finds that appellant:

> U.S. Army, having knowledge of a lawful order issued by Lieutenant Colonel (O-5) JJB to serve forty-five (45) days of extra duty, an order which it was his duty to obey, did at or near Fort Bragg, North Carolina, on or about 26 August 2010, fail to obey the same by reporting late and leaving early from his appointed place of duty, in violation of Article 92(2), UCMJ.

The remaining findings of guilty are AFFIRMED.

We are able to reassess the sentence on the basis of the errors noted and do so after conducting a thorough analysis of the totality of the circumstances presented by appellant's case and in accordance with the principles articulated by our superior court in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986).

In evaluating the *Winckelmann* factors, we first find no dramatic change in the penalty landscape or exposure which might cause us pause in reassessing appellant's sentence. Despite the disparity in maximum sentences to confinement between Article 90, UCMJ, and Article 86(1) or (2), UCMJ, appellant remains convicted of attempted murder, which carries a maximum sentence to confinement for life in prison. Second, appellant was sentenced by a military judge alone. Third, we find the nature of the remaining offenses, as modified and appropriately limited, still captures the gravamen of the original specifications. Finally, based on our experience, we are familiar with the remaining offenses so that we may reliably determine what sentence would have been imposed at trial.

---

(. . . continued)
under Article 92 even where the facts would support another offense, lesser punishable [sic], in the absence of the order. The conviction for violating Article 92 remains firm and may not be dismissed; only the sentence potentially is affected." *Quarles*, 1 M.J. at 233 (citing *Loos*, 4 U.S.C.M.A. 478, 16 C.M.R. 52).

6

Reassessing the sentence based on the noted error and the entire record, we AFFIRM only so much of the sentence as provides for a bad-conduct discharge, confinement for 130 months, and reduction to the grade of E-1. We find this reassessed sentence is not only purged of any error but is also appropriate. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

Senior Judge COOK and Judge MARTIN concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court