UNITED STATES, Appellee

v.

Bryce M. PHILLIPS, Private
U.S. Army, Appellant

No. 14-0199

Crim. App. No. 20120585

United States Court of Appeals for the Armed Forces

Argued October 20, 2014

Decided January 6, 2015

STUCKY, J., delivered the opinion of the Court, in which BAKER, C.J., and ERDMANN, RYAN, and OHLSON, JJ., joined.


Counsel


For Appellant:  Captain Patrick A. Crocker (argued); Colonel Kevin M. Boyle and Captain Aaron R. Inkenbrandt (on brief); Lieutenant Colonel Jonathan F. Potter, Major Amy E. Nieman, and Captain Robert N. Michaels.

For Appellee:  Captain Daniel M. Goldberg (argued); Colonel John P. Carrell and Lieutenant Colonel James L. Varley (on brief); Captain Samuel Gabremariam.

Military Judges:  Mark A. Bridges and Craig S. Denney


THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.

Judge STUCKY delivered the opinion of the Court.

A military judge accepted Appellant's unconditional guilty plea and convicted him, inter alia, of disobeying the order of his superior commissioned officer restricting him to the confines of the military installation. We granted review to consider whether the military judge should have rejected the guilty pleas because the ultimate offense was breaking restriction, a substantially less serious offense. We hold that there is no substantial basis in law or fact to question Appellant's guilty pleas.

## I.  Posture of the Case

In a pretrial agreement, the convening authority agreed to refer Appellant's case to a special court-martial and to disapprove any adjudged confinement in excess of ten months, in exchange for Appellant's agreement to waive all waivable motions and plead guilty to absence without leave, disobeying the order of his superior commissioned officer, and using cocaine. Articles 86, 90, 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 886, 890, 912a (2012). The military judge accepted Appellant's guilty pleas and sentenced him to a bad-conduct discharge and confinement for nine months. The convening authority approved the sentence. A panel of the United States Army Court of Criminal Appeals (CCA) set aside the conviction for disobeying the order of his superior commissioned officer

2

under the ultimate offense doctrine but affirmed the approved sentence.  United States v. Phillips, No. 20120585, 2013 CCA LEXIS 779, at *2–*4, 2013 WL 5402231, at *1 (A. Ct. Crim. App. Sept. 23, 2013).  The CCA granted the Government's motion for reconsideration and suggestion for reconsideration en banc. United States v. Phillips, No. 20120585 (A. Ct. Crim. App. Nov. 8, 2013) (order).  Sitting en banc, the CCA held there was nothing in the plea inquiry that would provide "a substantial basis in law and fact to reject appellant's plea of guilty," and affirmed the approved findings and sentence.  United States v. Phillips, 73 M.J. 572, 574 (A. Ct. Crim. App. 2014) (en banc).

## II.  Background

Appellant absented himself from his unit, which he knew was about to deploy, from about February 20, 2008, until March 3, 2010, when he turned himself in to military control.  After returning to his unit, Appellant used cocaine in his barracks room.  Appellant was charged with desertion and possession and use of cocaine.  After arraignment, and at approximately the date his trial was scheduled to begin (November 8, 2010), Appellant again absented himself from his unit.  In the stipulation of fact accompanying his guilty plea, Appellant admitted that, among other reasons, he deserted to "impede the[] criminal proceedings."  During this second absence, Appellant was incarcerated by civilian authorities after being convicted

3

of two misdemeanor counts of exposing his genitals to a child. Appellant returned to military control for the second time on about March 2, 2012.

On March 14, 2012, Appellant's company commander personally gave Appellant a written order restricting him to the confines of the military installation. Appellant signed an acknowledgment that he received the order. On about April 11, 2012, in violation of the order, Appellant drove off the installation to visit and reside with his girlfriend.

Consistent with his pretrial agreement, Appellant pled guilty unconditionally to the charge and specification alleging that he disobeyed the order of his superior commissioned officer.

### III. Discussion

This Court grants a military judge significant discretion in deciding whether to accept an accused's guilty pleas. United States v. Inabinette, 66 M.J. 320, 322 (C.A.A.F. 2008). The appellant bears the burden of establishing that the military judge abused that discretion, i.e., that the record shows a substantial basis in law or fact to question the plea. United States v. Finch, 73 M.J. 144, 148 (C.A.A.F. 2014).

The ultimate offense doctrine has a lengthy military history. See William Winthrop, Military Law and Precedents, 573 (2d ed., Government Printing Office 1920) (1895). It prohibited

United States v. Phillips, No. 14-0199/AR

the escalation in severity of minor offenses "by charging them as violations of orders or the willful disobedience of superiors."  United States v. Hargrove, 51 M.J. 408, 409 (C.A.A.F. 1999) (per curiam).

Since enactment of the UCMJ, the President has recognized the ultimate offense doctrine as it applies to the offense of disobeying a superior commissioned officer under Article 90, UCMJ:  "Disobedience of an order which has for its sole object the attainment of some private end, or which is given for the sole purpose of increasing the penalty for an offense which it is expected the accused may commit, is not punishable under [Article 90]."  Manual for Courts-Martial, United States (MCM) ch. XXVIII, ¶ 169.b. (1951 ed.); accord MCM pt. IV, ¶ 14.c.(2)(a)(iv) (2012 ed.).  In a footnote to the Table of Maximum Punishments, the President noted that the maximum punishment for failing to obey a lawful order under Article 92, UCMJ,[1] did not apply in those cases "wherein the accused is found guilty of an offense which . . . is specifically listed elsewhere in [the] table."[2]  MCM ch. XXV, ¶ 127.c. n.5 (1951 ed.).  This Court interpreted both of these provisions to permit the escalated punishments where the superior officer's order was

---

[1] Originally 50 U.S.C. § 686 (1950), now 10 U.S.C. § 892 (2012).
[2] Similar language was contained in subsequent MCMs but is not part of the current MCM.  Compare MCM pt. IV, ¶ 16.e. Note (2008 ed.), with MCM pt. IV, ¶ 16.e. (2012 ed.).

5

made "with the full authority of his office, [thereby lifting] it above the common ruck." United States v. Loos, 4 C.M.A. 478, 480, 16 C.M.R. 52, 54 (1954) (Article 92, UCMJ); see also United States v. Ranney, 67 M.J. 297, 300 (C.A.A.F. 2009) (Article 90, UCMJ); United States v. Byers, 40 M.J. 321, 323 (C.M.A. 1994) (Article 90, UCMJ).

Appellant now argues that his conviction for disobeying his superior commissioned officer is an unwarranted escalation in the severity of what is really the minor offense of breaking restriction. The maximum punishment for disobeying the order of a superior commissioned officer in other than time of war (Article 90, UCMJ), is a dishonorable discharge, confinement for five years, and forfeiture of all pay and allowances. MCM pt. IV, ¶ 14.(e)(2) (2012 ed.). Breaking restriction is a minor offense endorsed by the President (Article 134, UCMJ, 10 U.S.C. § 934 (2012)), which carries a maximum sentence of confinement for one month and forfeiture of two-thirds pay per month for one month. MCM, pt. IV, ¶ 102.e. (2012 ed.).

During the plea inquiry, the military judge listed the elements of the offense of disobeying the order of a superior commissioned officer, defined statutory terms, and explained the nature of the offense. His explanation of terms included the following:

> "Willful disobedience" means an intentional defiance of authority. A superior commissioned officer includes the commanding officer of you, even if the officer is inferior in rank to you. A superior commissioned officer also includes any other commissioned officer of the same armed force as you who is superior in rank and not inferior in command to you.
>
> The command must be a lawful command. The command is illegal if it is unrelated to military duty and its sole purpose is to accomplish some private end that is arbitrary and unreasonable and/or if it is given for the sole purpose of increasing the punishment for an offense which is expected you may commit. As long as the command is understandable, the form of the command the method by which the command was communicated to you is not important. <u>The combination, however, must amount to a command from your superior commissioned officer that is directly personal -- personally, to you -- directed personally to you. You must know that it is from your superior commissioned officer</u>.

Emphasis added.

The military judge then asked Appellant why he thought he was guilty. Appellant said: "Because I was residing off post when I was clearly given a command to stay on post and not break restriction, sir."

In determining the "ultimate offense," we consider the environment in which the order was given. <u>United States v. Landwehr</u>, 18 M.J. 355, 357 (C.M.A. 1984). Appellant had two lengthy absences, totaling more than three years, one of which was admittedly undertaken to impede court-martial proceedings, and a civilian conviction on two counts for exposing himself to a child. The order was issued in furtherance of a proper

7

military function.  See id.  We conclude that, under the circumstances of this case, Appellant failed to establish that his commander gave the order of restriction solely to improperly escalate the punishment.  Furthermore, to the extent our previous jurisprudence suggests that the ultimate offense doctrine for Article 90 may be more expansive than the President's language in MCM pt. IV, ¶ 14.c.(2)(a)(iv), by testing to see whether the order was given "with the full authority of his office, [thereby lifting] it above the common ruck," it is overruled.[3]  Loos, 4 C.M.A. at 480, 16 C.M.R. at 54. We bid farewell to that colorfully stated, unclear, standard and rely solely on that set out in the MCM.  MCM pt. IV, ¶ 14.c.(2)(a)(iv).  In this case, therefore, the ultimate offense doctrine has no application, and Appellant has failed to establish a substantial basis in law or fact to question his guilty pleas.

Appellant also asserts that the military judge failed during the plea inquiry to properly advise him of the nature of the offense and ensure that Appellant established a factual basis for his guilty plea.  Citing United States v. Castellano, 72 M.J. 217, 222 (C.A.A.F. 2013), and United States v. Hartman, 69 M.J. 467, 468 (C.A.A.F. 2011), Appellant alleges that the

---

[3] The application of the ultimate offense doctrine to Article 92, UCMJ, is not currently before us.

difference between the offenses of disobeying the order of a superior commissioned officer and breaking restriction amounts to "an 'element' or 'ingredient' of the charged offense," that the military judge was required to discuss with Appellant.

Castellano and Hartman are inapposite.  Both cases involved the military sodomy statute, Article 125, UCMJ, 10 U.S.C. § 925 (2012), that, on its face, prohibited both consensual and nonconsensual sodomy.  Castellano, 72 M.J. at 218; Hartman, 69 M.J. at 467.  This Court recognized that application of the sodomy statute to sexual activity between consenting adults raised constitutional questions.  Hartman involved the failure of the military judge to explain to an accused during a guilty plea inquiry the difference between conduct that was constitutionally protected and conduct that could be legitimately punished.  69 M.J. at 468-69.  Castellano concerned the failure of the military judge to instruct court members on the difference between constitutionally protected conduct and that which is subject to criminal sanction.  72 M.J. at 222-23.  There is no such constitutional issue in this case, and thus nothing that would establish a substantial basis in law or fact to question Appellant's plea.  The distinction between an Article 90 and an Article 134 offense does not require a Hartman discussion at the plea inquiry.

## IV.  Judgment

The judgment of the United States Army Court of Criminal Appeals is affirmed.