

normal appellate review and said motion for a stay of proceedings and other specified relief is hereby denied as moot.

No. 15–0361/MC.   U.S. v. Matthew Hoffmann.   CCA 201400067.   Appellant's motion to extend time to file the supplement to the petition for grant of review granted to March 2, 2015.

Wednesday, February 11, 2015

No. 14–0491/AR. U.S. v. Jacob T. Nemeth. CCA 20120653. On consideration of the granted issue, the judgment of the United States Army Court of Criminal Appeals, *United States v. Nemeth*, No. 20120653 (A. Ct. Crim. App. Mar. 7, 2014), and the judgment of this Court in *United States v. Phillips*, No. 14–0199/AR (C.A.A.F. Jan. 6, 2015), we conclude that Appellant is not entitled to have his guilty plea to disobeying the order of his superior commissioned officer under Article 90, UCMJ, 10 U.S.C. § 890 (2012), set aside. Appellant did not establish "a substantial basis in law or fact for questioning the guilty plea." *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). He failed to produce evidence that his company commander issued the restriction order for the sole purpose of increasing the penalty that would apply if Appellant violated the restriction order. Therefore, it is ordered that the judgment of the United States Army Court of Criminal Appeals is hereby affirmed.

No. 14–0505/AR. U.S. v. Martin L. Carroll. CCA 20111158. On consideration of the granted issue, the judgment of the United States Army Court of Criminal Appeals, *United States v. Carroll*, No. 20111158 (A. Ct. Crim. App. Feb. 28, 2014), and the judgment of this Court in *United States v. Phillips*, No. 14–0199/AR (C.A.A.F. Jan. 6, 2015), we conclude that Appellant is not entitled to have his guilty plea to disobeying the order of his superior commissioned officer under Article 90, UCMJ, 10 U.S.C. § 890 (2012), set aside. Appellant did not establish "a substantial basis in law or fact for questioning the guilty plea." *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). He failed to produce evidence that his company commander issued the restriction order for the sole purpose of increasing the penalty that would apply if Appellant violated the restriction order. Therefore, it is ordered that the judgment of the United States Army Court of Criminal Appeals is hereby affirmed.

No. 14–0558/AR. U.S. v. Aaron D. Amaya. CCA 20120406. On consideration of the granted issue, and the judgment of the United States Army Court of Criminal Appeals, *United States v. Amaya*, No. 20120406 (A. Ct. Crim. App. Feb. 24, 2014), we conclude that the military judge granted Appellant the relief to which he was entitled by reducing the maximum punishment for disobeying an order not to travel outside the limits of Fort Richardson, under Article 92, UCMJ, 10 U.S.C. § 892 (2008), to that authorized for breaking restriction under Article 134, UCMJ, 10 U.S.C. § 934 (2008). See *Manual for Courts Martial, United States* pt. IV, ¶ 16.e. Note (2008 ed.). Therefore, it is ordered that the judgment of the United States Court of Criminal Appeals is hereby affirmed.

No. 14–0619/AR. U.S. v. Aaron J. Twinam. CCA 20120384. On consideration of the granted issue, and the judgment of the United States Army Court of Criminal Appeals, *United States v. Twinam*, No. 20120384 (A. Ct. Crim. App. Mar. 7, 2014), we conclude that Appellant is not entitled to relief. The maximum punishment for violations of Article 92, UCMJ, 10 U.S.C. § 892 (2008), does not apply "if the violation of failure to obey is a breach of restraint imposed as a result of an order." *Manual for Courts–Martial, United States* pt. IV, ¶ 16.e. Note (2008 ed.) Although the military judge did not note that he was limiting the maximum punishment for the Article 92 offense, the maximum punishment did not change. Article 19, UCMJ, 10 U.S.C. § 819 (2012) (setting the statutory maximum confinement that can be imposed by a special court-martial at one year). Appellant pled guilty to desertion,