# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA. HERRING, and PENLAND
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**

**Private E2 DENNIS BAILON**
**United States Army, Appellant**

ARMY 20160240

Headquarters, 7th Infantry Division
Sean F. Mangan, Military Judge
Lieutenant Colonel James A. Nelson, Staff Judge Advocate

For Appellant: Major Andres Vazquez, Jr., JA; Captain Joshua B. Fix, JA (on brief);
Captain Katherine L. DePaul, JA; Captain Joshua B. Fix, JA (on reply brief).

For Appellee: Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III,
JA; Major Anne C. Hsieh, JA; Captain Jonathan S. Reiner, JA (on brief).

10 January 2017

---------------------------------
SUMMARY DISPOSITION
---------------------------------

PENLAND, Judge:

A military judge convicted appellant, consistent with his pleas, of two
specifications of failure to obey his commander's order not to leave Joint Base
Lewis-McChord and assault consummated by a battery,[1] in violation of Articles 92
and 128, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 892,
928. The military judge sentenced appellant to a bad-conduct discharge,
confinement for seven months and one day, forfeiture of all pay and allowances, and
reduction to the lowest enlisted grade. In accordance with a pretrial agreement, the
convening authority limited appellant's confinement to six months, and approved the
remainder of the sentence.

---

[1] Appellant pleaded guilty to this offense as a lesser-included offense to the charge
of abusive sexual contact, Article 120, UCMJ.

We review this case under Article 66, UCMJ. Appellant raises one assignment of error, which warrants brief discussion but no relief. We have considered appellant's matters personally submitted pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982); they merit neither.

Appellant now asserts the military judge determined the adjudged sentence based upon the incorrect maximum punishment. The military judge indeed erred in determining the maximum sentence. To the extent appellant asserts a causal relationship between the error and his sentence, we see none.

During the *Care* inquiry,[2] the military judge asked for the government's views regarding the maximum punishment, and trial counsel responded the maximum punishment was a bad-conduct discharge, eighteen months confinement, forfeiture of all pay and allowances, and reduction to the lowest enlisted grade. When asked whether he agreed with this assessment, defense counsel said, "Yes, sir." The military judge then advised appellant of the maximum punishment, consistent with the views of government and defense counsel.

As both parties now belatedly agree, the maximum punishment–which we determine *de novo*–is a bad-conduct discharge, eight months confinement, forfeiture of all pay and allowances, and reduction to the lowest enlisted grade.[3] The military judge and both parties at trial overstated the maximum confinement term by ten months. Appellant does not claim ineffective assistance of counsel. Additionally, his appellate counsel specifically disclaims any argument that appellant's guilty pleas were improvident. It is noteworthy that appellant also makes no post-hoc effort to disturb the protections of his pretrial agreement, which allowed him to avoid an Article 120, UCMJ, conviction.

While the military judge erred in determining the maximum punishment, our careful review of this record–including the aggravation evidence–yields confidence that the error did not materially prejudice appellant's substantial rights. *United States v. Baransky*, 17 M.J. 54 (C.M.A. 1983).

---

[2] *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969).

[3] *United States v. Phillips*, 74 M.J. 20, 22-23 (C.A.A.F. 2015); *United States v. Amaya*, 74 M.J. 264 (C.A.A.F. 2015); MCM, 1984, Change 1 (Exec. Order No. 12,473, 49 F.R. 17152 (13 Apr. 1984), as amended by Exec. Order No. 12,484, 49 F.R. 28825 (13 Jul. 1984)).

## CONCLUSION

The finding of guilty and the sentence are AFFIRMED.

Senior Judge CAMPANELLA and Judge HERRING concur.

FOR THE COURT:

JOHN P. TAITT
Deputy Clerk of Court